# Mitchell *against* Wilhelm.

Under the arbitration law, the *number* of arbitrators must be fixed *exclusively* by the prothonotary, where one party, only, attends to appoint. It is error if such party is allowed a voice in it.

Arbitrators have no power, without consent, to supply vacancies a second time.

WRIT of error to a judgment entered upon an award of arbitrators.

Anthony Wilhelm against Nathan Mitchell. On the 13th of January 1836, defendant entered a rule of reference. The docket then exhibited this entry. On the 6th of February 1836, defendant appears in person, and plaintiff makes default; prothonotary chooses for him; it is agreed that the number of arbitrators be three: Charles Gale, Isaac Vincent, and George Watson, were appointed, to wit, &c. On the 27th of February 1836, Charles Gale and George Watson met and appointed Neal Call, in place of Isaac Vincent, and were sworn, and adjourned. On the 26th of March 1836, George Watson and Neal Call met, and adjourned. On the 2d of April 1836, George Watson and Neal Call met, and Charles Gale being absent, by reason of sickness, and in the absence of the plaintiff the arbitrators appointed Henry Frick, in his place. Plaintiff declined to appear before these arbitrators, although he had previously been present. Award for defendant.

Errors assigned.

1. The prothonotary did not, himself, fix the number of the arbitrators.

2. After having been organized, the arbitrators had no power to substitute an arbitrator in the room of one absent.

*Pollock* and *Hepburn*, for plaintiff in error, relied upon the act of assembly, regulating arbitrations.

[Mitchell v. Wilhelm.]

*Miller* and *Lynn*, contra, cited 2 *Rawle* 149; 2 *Penns. Rep.* 154; 10 *Serg. & Rawle* 286; 6 *Serg. & Rawle* 128.

PER CURIAM.—It is plain, the number was not fixed exclusively, by the prothonotary. The entry, that the plaintiff made default, that the prothonotary chose for him, and that it was *agreed* the number of the arbitrators should be three, indicates too clearly, that the officer acted throughout only as the representative of the absent party; but the error in permitting the defendant to have a voice in fixing the number as well as in choosing, is cured by the plaintiff's subsequent appearance and want of dissent when the arbitrators were sworn. The remaining point, however, is fatal. No authority is given to supply vacancies a second time; and there would be no end to change, if such there were. The parties might begin with one set and end with a different one     Even the late act on the subject, authorizes nothing like the power assumed here; which, by the way, was altogether unnecessary, as the consequences of absence for sickness might have been obviated by an adjournment.

Judgment reversed, and cause remitted for procedure below.