## Brooke *against* Bannon.

The Court of Common Pleas has not power to set aside an award made under the Act of 1705, and refer it back to the same referees. But upon such report being referred back, if the parties appear before the referees, and try the matters in controversy, the error will be thereby cured.

ERROR to the Common Pleas of *Berks* county.

Charles Brooke, by his next friend, Clement Brooke, against Abraham Bannon and Jacob Rahn.

This action was brought to recover damages for the non-per-

[Brooke v. Bannon.]

formance of a contract by the defendants; and the parties by agreement referred it, under the Act of 1705, to referees, who made the following report:

"The referees above named met on the 27th of July 1837, and adjourned from time to time, with full notice to the parties; finally, after hearing the parties, their proofs, and allegations, they report to the court that the plaintiff has 'no cause of action.' The referees found this report upon the ground, that the said plaintiff, Charles Brooke, was a minor at the time of entering into the contract in this case; that the said contract is a trading contract, and void between the parties; but if the court should be of opinion that the said Charles Brooke can maintain this action, notwithstanding his minority at the time of entering into the same, then the said referees report to the court that they find in favour of the plaintiff the sum of $700, besides the costs of suit."

The court set aside this award, and referred it back to the same referees, who, on the same day, made the following report:

"And now, to wit, 12th of January 1839, the referees above named having met, and having been duly sworn according to law, and heard the parties, their proofs, and allegations, do find that the plaintiff has no cause of action."

To this report the following exceptions were filed:

1. The referees had no authority to report prior to April term 1839.

2. The referees committed a plain mistake in matter of law, in deciding that because the plaintiff was an infant, he could maintain no action upon such a contract, as that set out in the declaration.

3. The referees committed a plain mistake in matter of law, and founded their report upon that mistake, in determining that the contract upon which suit was brought, which is correctly set out in the declaration, is a trading contract, and as such is void, both as respects the infant and defendant, and cannot be enforced.

4. The referees erred, and founded their report upon the error, in determining that although the plaintiff had performed his part of the contract, yet the defendants were not responsible for the performance of their part of the same.

The court overruled the exceptions, and entered a judgment on the award for the defendants.

*Strong*, for plaintiff in error, insisted only upon the point that the court erred in referring the award back to the same referees, and cited 4 *Binn.* 485; 7 *Moore* 147; 3 *Brod. & Bing.* 304; 1 *Binn.* 43; *Act of* 16*th June* 1836.

*Bannon, contra*, argued that the court would presume the consent of the parties to refer the case back to the same referees. 7 *Watts* 357; 3 *Penn. Rep.* 99. But the subsequent appearance

[Brooke v. Bannon.]

cured the error if there was one. 13 *Serg. & Rawle* 45 ; 2 *Serg. & Rawle* 459 ; 4 *Yeates* 336 ; 3 *Serg. & Rawle* 133.

PER CURIAM.—The court unquestionably transcended its power in referring the matter back; for the provision of the statute which authorizes such a reference in certain cases, has regard to reports under the Act of 1836, and not to a report, such as this expressly was, under the Act of 1705. But though the error would otherwise have been fatal, it was helped by the plaintiff's appearance and litigation of the merits a second time before the arbitrators. Having done that, he can no more allege the want of a submission than a defendant who had voluntarily appeared to an action, could allege the want of an original writ; he could not take his chance before the arbitrators, and afterwards dispute their jurisdiction. The maxim that a subsequent confirmation is equivalent to a precedent authority, is applicable to every such case. The plaintiff, therefore, is too late with his exception here.

Judgment affirmed.