# Charles Adam, Plff. in Err., v. Samuel Mengel, Admr. of Mary Mengel, Deceased.

The acts of public officers *de facto*, coming in by color of title, are good and valid when they concern the public or the rights of third persons who have an interest in the act done.

An acknowledgment of a mortgage before a justice of the peace who has qualified as clerk of the oyer and terminer and quarter sessions is valid, although the act of May 15, 1874, declares that no person shall be capable of holding and exercising both offices at the same time, and provides a fine for violation.

It seems that the acceptance of the money secured by the mortgage would estop the mortgagor from denying the validity of the acknowledgment.

(Argued March 2, 1887. Decided March 14, 1887.)

January Term, 1887, No. 17, E. D., before MERCUR, Ch. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN, and CLARK, JJ. Error to the Common Pleas of Berks County to review a judgment for the plaintiff for want of a sufficient affidavit of defense in an action of scire facias sur mortgage. Affirmed.

The facts are stated in the following opinion, delivered by ERMENTROUT, J., upon making absolute the rule for judgment:

The defendant seeks to avoid judgment upon the scire facias by alleging that Mahlon A. Sellers, Esq., the justice of the peace before whom the mortgage was acknowledged, was incompetent to do so because he was at the time of the acknowledgment also the duly commissioned and acting clerk of the court of oyer and terminer and quarter sessions of the peace of Berks county; that the offices of justice and clerk are incompatible; that acceptance of the latter worked a forfeiture of the former; that therefore the mortgage was void for want of a valid acknowledgment.

It is admitted that his commission as justice by its terms had not expired, and that he had neither resigned nor was removed from such office.

The act of assembly declaring what offices are incompatible was passed May 15, 1874, P. L. 1874, p. 187.

NOTE.—The acts of *de facto* officers are not valid when done for their own benefit. Keyser v. M'Kissan, 2 Rawle, 139; Thompson v. Ewing, 1 Brewst. (Pa.) 67; Shellenberger v. Patterson, 168 Pa. 30, 31 Atl. 943.

Section 4 of this act says: "No person hereafter elected shall be capable of holding and exercising at the same time the office of justice of the peace and that of prothonotary or clerk of any court." There is no provision declaring which office shall be declared forfeited. In the second section of the act, as between state and national offices, which are declared incompatible, it is provided that the commission under the state authority shall be. void.

Section 3 says: "If any person after the expiration of six months from the passing of this act shall exercise any office or appointment, the exercise of which is by this act declared to be incompatible, every person so offending shall for every such offense, being legally convicted in any court of record, forfeit and pay any sum not less than $50, nor more than $500." Nowhere in express terms is the office declared void, nor is it in any way indicated by express words in the act how the incumbent shall be required to make his choice between the two incompatible offices, or what action the courts of law are required to take.

Mahlon A. Sellers, Esq., was admittedly a legally commissioned and acting justice of the peace, whose commission by its terms had not yet expired, for he was commissioned March 30, 1874, for a term of five years, and the date of acknowledgment of mortgage is March 28, 1876.

Had a writ of quo warranto issued at the instance of the proper authorities, the disputed right of office might have been settled, but in the absence of any guide in the act of assembly, we cannot in this collateral proceeding try a question of this kind; nor has any decision been presented to us to show that performing the duties of clerk was *per se* a forfeiture of that of the office of justice. This question, however, it is unnecessary to decide.

So far as the public is concerned, his official acts in both capacities are good. It is a well-settled principle of law that the acts of public officers *de facto,* coming in by color of title, are good and valid when they concern the public or the rights of third persons who have an interest in the act done.

The case of M'Kim v. Somers, 1 Penr. & W. 302, is directly in point. The admission in evidence of a deposition was objected to because the justice before whom it was taken was not a justice of the peace, that his commission had been vacated

by his removal out of the county within which he had been commissioned, and that consequently he had no power to administer the oath to the witnesses. The court held that it was sufficient that he held a commission from competent authority, and that in taking the deposition, which is an official act, he was acting in the district for which he was appointed; that this constituted him a justice *de facto,* with at least colorable authority, and that as long as the commission remained without being superseded by the proper authorities the validity of his acts could not be questioned; that wherever persons who have color of authority acting under commissions from the appointing power, but which it may be alleged have been forfeited by some act which may perhaps be of an equivocal nature, in all such cases the validity of the commissions cannot be examined in a suit in which they are not a party. The regular and indeed the only mode is by information.

In the case of Campbell v. Com. 96 Pa. 344, this principle is also sustained. The plaintiffs in error were tried and convicted of arson. Objection was made that two associate judges who participated in the trial and sentence had no legal title to their offices, because, under the Constitution of 1874 and subsequent legislation, the people had no power to elect associate judges in that particular county. They had, however, been elected and commissioned by the governor. It was held that they were judges *de facto* and as against all persons but the commonwealth they were judges *de jure.* Having at least a colorable title to these offices, their right thereto cannot be questioned in any other form than by writ of quo warranto at the suit of the commonwealth. To the same effect are Riddle v. Bedford County, 7 Serg. & R. 390; Keyser v. M'Kissan, 2 Rawle, 140; Luzerne County v. Trimmer, 95 Pa. 97.

The allegations that the successor of Mahlon A. Sellers had been appointed and was holding and exercising the office of justice at the time of acknowledgment cannot avail defendant. Sellers never having resigned, no competent authority having declared a vacancy or made a removal, an election of a so-called successor and certificate of the prothonotary were powerless to create vacancy or succession; the acknowledgment of the mortgage must, therefore, be held good; the mortgage was not void and was properly recorded.

We may also add that the defendant, having upon the faith

and credit of the mortgage by him thus acknowledged, obtained from the decedent $3,800, is in law, morals, and common honesty estopped from denying the validity of the acknowledgement and mortgage. This is one of the cases forcibly illustrating the justice of the doctrine of estoppel: "A party shall not controvert that which was done by himself or with his assent in a wrong."

The assignment of error specified the action of the court in directing the entry of judgment in favor of the plaintiff below, for want of a sufficient affidavit of defense.

*D. N. Schaeffer,* for plaintiff in error.—Mahlon A. Sellers, under the act of May 15, 1874, by having accepted the office of clerk of the said courts, impliedly resigned, and *ipso facto* vacated, the office of justice of the peace, as fully and effectually as if he had presented his written resignation to the governor, or had been ousted by a proceeding under a writ of quo warranto. Dill. Mun. Corp. § 164; Ang. & A. Corp. § 434; Willcock, Mun. Corp. 240; Verrior v. Sandwitch, 1 Sid. 305; Rex v. Godwin, Dougl. 397; Milward v. Thatcher, 2 T. R. 87; Rex v. Pateman, 2 T. R. 779; People v. Carrique, 2 Hill, 93; King v. Patteson, 4 Barn. & Ad. 9; Regents of the University v. Williams, 9 Gill & J. 365, 31 Am. Dec. 72.

M'Kim v. Somers, 1 Penr. & W. 302, was a case where the justice of the peace had moved out of the county for which he had been commissioned and subsequently returned, and then continued to exercise his official functions; and it was held not to be an implied resignation, and no vacation of office *ipso facto,* as is the acceptance of an incompatible office. The same reasoning applies to the other cases cited by the court below.

The acknowledgment to the mortgage in question is a nullity. The mortgage for this reason is without an acknowledgment. No estate or interest in land passes by an unacknowledged mortgage. If no estate passes, no scire facias will issue on it, because a sci. fa. on a mortgage is strictly a proceeding *in rem.* Wilson v. McCullough, 19 Pa. 77.

An unrecorded mortgage when properly acknowledged is valid between the parties to it, and a sci. fa. will lie on it. Lancaster v. Smith, 67 Pa. 427.

But a mortgage without an acknowledgment is of no validity between the parties. The act of May 28, 1715, § 8, provides that "no deed or mortgage or defeasible deed in the nature of mortgages hereafter to be made shall be good or sufficient to convey or pass any freehold or inheritance, or to grant any estate therein for life or years, unless such deed be acknowledged or proved and recorded within six months after the date thereof, where such lands lie, as hereinbefore directed for other deeds." The words "deed or mortgage" relate solely to "mortgages and defeasible deeds in the nature of mortgages." Burke v. Allen, 3 Yeates, 355.

The provision requiring mortgages to be recorded within six months after the date thereof was changed by the act of March 28, 1820, and is now only useful for the purpose of giving notice and of regulating the priority of liens. But that portion of the act regulating the execution of a mortgage or defeasible deed is still in force; and unless a mortgage is acknowledged as therein directed it is of no effect. While in a deed an acknowledgment is only necessary for the purpose of recording it, yet in a mortgage an acknowledgment is necessary to make it efficacious. Myers v. Boyd, 96 Pa. 428.

An acknowledgment of a mortgage by the mortgagor before a competent officer being therefore absolutely necessary to give it any validity, nothing can be substituted for it. Enterprise Transit Co.'s Appeal, 9 W. N. C. 226.

*Ermentrout & Ruhl,* for defendant in error.—The allegations in an affidavit of defense, to prevent judgment, must be such as under the rules of evidence the defendant could be permitted to prove, upon a trial of the cause. Tatman v. Been, 1 W. N. C. 107; Leonard v. Fuller, 1 Pennyp. 387.

The record shows that the defendant below delivered to the plaintiff's decedent, Mary Mengel, on the 28th of March, 1876, the mortgage in question, and received from her the sum of $3,600.

In the absence of fraud, imposition, or mistake, the acknowledgment, by a grantor, of the receipt of the purchase money mentioned in the deed, estops him from denying its payment, as against the grantee. McMullin v. Glass, 27 Pa. 151.

Where one by his words or conduct wilfully causes another to believe in the existence of a state of things, and induces him to

act on the belief so as to alter his own previous condition, the former is concluded from averring against the latter a different state of things as existing at the same time. Pickard v. Sears, 6 Ad. & El. 469; Reel v. Elder, 62 Pa. 317, 1 Am. Rep. 414; Com. v. Moltz, 10 Pa. 527, 51 Am. Dec. 499; Ayres v. Wattson, 57 Pa. 360.

A defendant whose land was sold under an execution, and who has received part of the proceeds of sale, is estopped from denying the validity of the sale, although under a void judgment. Duff v. Wynkoop, 74 Pa. 300.

In courts of law estoppels are for the most part reconcilable to the purest morality; and when they produce neither hardship nor injustice they merit indulgence if not favor. Martin v. Ives, 17 Serg. & R. 364.

A defendant whose indorsement upon a promissory note is a forgery cannot be permitted to prove the forgery, he having admitted to the holder (before he purchased it) that it was genuine. Cohen v. Teller, 93 Pa. 123.

We do not contend that since the act of May 15, 1874, a man may exercise both offices at the same time, and assert a legal right to take the fees and emoluments arising therefrom; but we hold that any official act which he may do for third persons in either capacity, so long as his commission has not been vacated by the courts, or superseded by the governor, is valid, he being an officer *de facto* with at least colorable authority. The distinction is whether third persons or the officer himself is affected thereby. If the former, they are valid. If the latter, and he thereby seeks some advantage, personal to himself, he may not do it. M'Kim v. Somers, 1 Penr. & W. 297; Riddle v. Bedford County, 7 Serg. & R. 392; People v. Collins, 7 Johns. 549; Fowler v. Bebee, 9 Mass. 231, 6 Am. Dec. 62; Com. *ex rel.* Bowman v. Slifer, 25 Pa. 23, 64 Am. Dec. 680.

The reason that the act of an officer *de facto,* where it is for his own benefit, is void, is because he shall not take advantage of his own want of title, which he must be conusant of; but where it is for the benefit of strangers, or the public, who are presumed to be ignorant of such defect of title, it is good. Keyser v. M'Kissan, 2 Rawle, 140.

In Clark v. Com. 29 Pa. 129, the defendant was indicted for murder; before trial he interposed a plea to the jurisdiction of the court, in which it was averred that the Hon. Alexander Jor-

dan, acting as president judge of the court of oyer and terminer of Montour county, had not been elected according to the provisions of the Constitution. The court sustained the commonwealth's demurrer to this plea.

In Campbell v. Com. 96 Pa. 344, the defendant, after conviction in the court of oyer and terminer, moved for a new trial, and in arrest of judgment, averring that the two associate justices who sat during the trial were not legally qualified judges of the court, their offices having been abolished in that county by the Constitution of 1874. The motion was overruled.

The mortgage evidences the fact that Mr. Sellers held his office of justice of the peace by a title regular upon its face. The affidavit of defense admits that he at that time held a commission as such officer; all inquiry, therefore, into the validity of his title to such office, and whether his acceptance of an office incompatible therewith worked a forfeiture thereof, is immaterial to this controversy.

PER CURIAM:

The able and satisfactory opinion of the learned judge fully sustains the conclusion at which he arrived.

Judgment affirmed.