In re Assignment of Alline B. Speer to The Mercantile Trust Co. of Pittsburg, for the benefit of her creditors. Appeal of Claudia P. Speer.

*Leasehold mortgages—Requisites as to recording lease and assignment.*

Leasehold mortgages are wholly dependent on the acts of assembly for their validity as liens and unless there is a substantial compliance with their requirements the mortgagee acquires no right as a lien creditor.

The requirements, however, of the Act of May 13, 1876, P. L. 160, as to recording of leasehold mortgages, are substantially complied with when the lease and an assignment thereof are recorded and when the mortgage gives reference to each record and recites, in full, an unrecorded assignment from the first assignee to the mortgagor.

The question whether the several assignments by which the mortgagor secures title must be recorded, under the acts of assembly, to give title to a mortgagee, not decided.

Argued May 16, 1899. Appeal, No. 71, April T., 1899, by Claudia P. Speer, from decree of C. P. No. 3, Allegheny Co., Feb. T., 1896, No. 613, confirming report of-auditor making distribution. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER, W. D. PORTER and BEEBER, JJ. Affirmed. Opinion by BEAVER, J.

Exceptions to auditor's report. Before KENNEDY, P. J.

518, (1899).] Statement of Facts—Assignment of Errors.

It appears from the record that the fund in question arose in the distribution of the assigned estate of Alline B. Speer. The fund was claimed by the bondholders under a leasehold mortgage and by certain general creditors of whom appellant is one, and he was entitled to an award of $217.61 if the mortgage was held not to be a prior lien upon the fund. It appears from the evidence that the lease in question in this case was made by one Elliot Robley to John Bare who assigned the same to R. Bruce Bare, and he assigned it to Alline B. Speer, who executed a mortgage thereon to secure twenty-seven bonds held by as many creditors, the aggregate of indebtedness so secured being the sum of $17,044.33. The lease was duly recorded, as was also the assignment thereof by John Bare to R. Bruce Bare. The mortgage which was duly and properly recorded, contained a reference to the place of record of the assignment of John Bare to R. Bruce Bare, and contained also a recital of what purported to be an assignment by R. Bruce Bare to Alline B. Speer, the mortgagor, but the last assignment itself was not separately recorded or otherwise except as to what purports to be a verbatim copy thereof which appeared in the body of the mortgage.

The auditor found that the mortgage for $17,044.33 is invalid as a lien against the leasehold interest.

Exceptions were filed to the report of the auditor, which were sustained by the court below.

*Error assigned* among others was (1) in sustaining the appellees' first exception to the auditor's report, said exception being as follows: "The auditor erred in his conclusion and finding ' that the mortgage for $17,044.33 is invalid as a lien against leasehold No. 3' described therein inasmuch as said mortgage contains a verbatim recital of the assignment of the lease by R. Bruce Bare to Alline B. Speer, which assignment constitutes a part of the body of said mortgage and was acknowledged and recorded as part thereof, thus sufficiently complying with the Acts of April 27, 1855, P. L. 369, and May 13, 1876, P. L. 160, authorizing the mortgaging of leaseholds."

*George M. Hosack*, with him *John A. Murphy*, for appellant. —Whatever validity a leasehold mortgage has on a lien is by

virtue of the Acts of Assembly of April 27, 1855, P. L. 369, and May 13, 1876, P. L. 160.

The two acts before mentioned are all the general acts relating to the lien of leasehold mortgages. They, together with the Act of April 3, 1868, P. L. 57, entitled "An act relative to mortgages of leasehold estates," which provides, "in all cases of mortgages upon leasehold estates, the mortgagee shall have the same remedies for collection thereof which mortgagees of real estate have under the laws of this commonwealth for the collection of such mortgages," are all the general legislation upon the subject in this state.

There can be no question but that the principle contended for by appellant is correct, where a mortgage is given by an original lessee : Hilton's Appeal, 116 Pa. 351, 359.

There is no question in this case as to the right of the original lessee or the assignee of the lease to mortgage the same. The lease having been assigned by Bare to Speer, creates a new title in Speer. It is in effect the creation of a new lease. The original lessee could not lawfully mortgage it, and the last lessee, or assignee, does so only upon the claim of owning it by assignment. The assignment creates a new contract, a new title, for by assignment one parts with his whole interest and term. If he divests himself of his interest, it must vest somewhere, and that is in the person to whom the assignment is made. The title is created by deed. When, therefore, the party holding title by assignment gives a mortgage upon it, and therein refers to the volume and page of record of the original lease, he refers to the title of his assignor, and not to his own title.

The importance of the complete title of a leasehold being of record, when a mortgage is given thereon, will be seen at once.

We have shown that, in order to create a valid lien by a leasehold mortgage upon the title or estate of the original lessee, it is necessary to record the lease with the mortgage, or to cause full and distinct reference to the book and page where the lease is recorded, then why is it not likewise necessary that the same steps be taken where the assignee of a lease mortgages the lease ?

Unless the assignment is recorded, what assurance has a mortgagee or creditor as to the interest the claimant possesses ? A lessee clearly has a right to make a sublease, unless specially restricted, and the person to whom that sublease is made would

have a right to mortgage it. There might be several leases made by the original lessee, mortgaged in the manner indicated by the learned court below as being good and there is no possible way for a stranger who would take a mortgage on the leasehold given by the original lessee to know of the sublease, or that they were mortgaged.

The acts intend that there shall be " secure enjoyment " of personal estate. A leasehold mortgage is personal estate. What security has the holder of a leasehold mortgage if the opinion of the court below be the law? Absolutely none. A may have recorded his mortgage, it having therein a verbatim recital of the assignments of lease from B to C, the mortgagor; the assignment not being recorded, it may be destroyed by connivance between B the assignor and C the assignee and mortgagor. The lease is upon a farm, B the assignor in actual possession. B makes a new assignment to D, who records the same and mortgages the lease to E. In both the mortgage of A and E, the volume and page of the original lease is cited. Both A and E have done all required of them, one following the requirements of the statute literally, the other the court's interpretation of the statute. Which one, A or E, shall lose? A fraud has been committed.

We submit that the intention of the legislature was " to make secure the enjoyment of real and personal estate" and to make it impossible that a mortgagee of a leasehold could be defrauded where he had followed the requirements of the act.

*J. F. Schock*, with him, *E. L. Mattern*, for appellees.—The unusual course which this case has taken makes it necessary either for the appellees to be heard without a paper-book, or to hurriedly prepare one without an opportunity to see the assignments of error, and argument thereon, of the appellant until within five secular days of the day of hearing. We then find her paper-book fatally defective in that it does not conform to Rules 26 and 27 of the appellate court in the following particulars: It does not contain any part of the auditor's final report, or the court's definitive decree on the same, or assign said decree for error, or show the distribution made of the fund, or a copy of the lease, or of the contested mortgage or any of the evidence offered in the case. It contains only extracts from the auditor's reversed report.

All that is required is "a substantial compliance with the act:" Ladley v. Creighton, 70 Pa. 490.

In this case, Ladley v. Creighton, it is said, "It is the fact of the record of the lease and the connection of that fact with the mortgage to enable the public to ascertain the nature and extent of the mortgagor's title which was contemplated by the act."

Now, is not the mortgage sufficiently connected with the lease and does not the mortgagor's title clearly appear where the lease is recorded and recited in the mortgagor, and the assignment of the lease to the mortgagor is also recited verbatim in the mortgage, and the mortgagor is in possession of the leased premises under the identical assignment recited in her mortgage?

In this case will not the reading of the mortgage disclose at once the mortgagor's interest and title? And what more than this does the law intend to require?

Would not even a parol assignment accompanied by delivery of the original lease, and possession of the leased premises, be good?

But, besides claiming that there is no law, or policy of the law, that requires the recording of an assignment of a lease to make a mortgage of the leasehold good, the appellees claim that in this case the assignment has been recorded and the said acts of 1855 and 1876 complied with, and that this point is squarely ruled in Hilton's Appeal, 116 Pa. 351, decided May 9, 1887.

OPINION BY BEAVER, J., July 28, 1899 :

The evident object of the 8th section of the Act of April 27, 1855, P. L. 368, and of the supplement thereto May 13, 1876, P. L. 160, was to convey distinct notice to all parties interested and definite information as to the estate to be mortgaged. The former confers a legal right upon certain lessees to mortgage their leases and the latter provides more specifically for the recording of leases so to be mortgaged and the reference to be made to the place of record in the mortgage.

There is no question in this case as to the sufficiency of the reference to the book and page where the original lease is recorded. It is alleged, however, that the lease having been assigned by the original lessee to another person and by this

assignee to the mortgagor, it is essential to the validity of the mortgage that the several assignments should also be recorded and a reference made in the mortgage itself to the book and page where said assignments are to be found.

The description in the mortgage is as follows: "Being the property leased and demised to John Bare by Elliott Robley, by indenture of lease dated the 4th day of August, A. D. 1886, and recorded in the recorder's office of Huntingdon county in Miscellaneous Book No. 8, page 89, said lease being for a term of thirty years from the date of said lease, and being the same leasehold which was assigned by said John Bare to R. Bruce Bare, by assignment dated the 19th day of August, A. D. 1886, and recorded in the recorder's office of said Huntingdon county in Misc. Book No. 8, page 91, and being the same leasehold which was assigned by R. Bruce Bare to Alline B. Speer, therein designated as the Speer White Sand Company, by an assignment dated the 11th day of January, 1887, a true and correct copy of which is as follows: For value received, I, R. Bruce Bare, assignee, sell, assign, transfer and set over the within lease and assignment to Speer White Sand Company." The property embraced in the mortgage was the lease of Elliott Robley to John Bare, the reference to which in the mortgage is in exact accordance with the provisions of the act of May 13, 1876, supra.

There is no provision in either of the acts of assembly for the recording of or reference to the assignment by which the mortgagor acquires title to the lease. Such assignment is merely a link in the chain of title and it is difficult to see how the recording thereof could in any way throw light upon the estate mortgaged. In this case, however, the various steps by which the title of the said lease became vested in the mortgagor were distinctly set forth, first, by a reference to the records of the recorder's office, and, last, by what purports to be a verbatim copy of the assignment of R. Bruce Bare to the mortgagor, the latter being contained in the mortgage and, of course, recorded with it, when it was recorded.

If, under the provisions of the acts referred to, it was necessary to record the assignments under which the mortgagor acquired title—which may be doubted—we think their provisions were substantially complied with by the recording of the last

assignment which was not acknowledged and could not be recorded separately, as copied in the mortgage and recorded with it. It was said in Hilton's Appeal, 116 Pa. 351: "Leasehold mortgages are wholly dependent on the acts above quoted for their validity as liens and, unless there is at least a substantial compliance with their requirements, the mortgagee acquires no right as a lien creditor." Admitting that the appellant's contention is correct—which we are not to be understood as deciding— that it was necessary, under the acts of assembly, to record the several assignments by which the mortgagor secured title, there has been a literal compliance with the said acts, so far as the lease and its first assignment are concerned, and a substantial compliance with their provisions as to the last assignment. The distribution of the fund in court to the bonds secured by the mortgage, to the exclusion of the appellant, who was a subsequent judgment creditor, was, therefore, clearly justified.

In view of this disposition of the case, it is unnecessary to comment upon the motion of the appellee for a judgment of non pros., because of the defective character of the appellant's paper-book. It was probably not necessary to print the testimony before the auditor but it is difficult to see how an appellate court could pass upon the validity of a mortgage which was not printed in the appellant's paper-book. The appellee, however, remedied this defect, at least in some degree, by printing the essential part of the said mortgage and we have relied upon it as correct.

The decree of the court below is affirmed and the appeal dismissed at the cost of the appellant.