# Stock v. German Catholic Press Company, Appellant.

*Mortgage—Mortgage of leasehold—Recording—Acts of April 27, 1855, P. L. 368, April 3, 1868, P. L. 57, and May 13, 1876, P. L. 160.*

1. The authority to mortgage a leasehold estate in Pennsylvania is purely of statutory origin, and the statutes giving such authority, being in derogation of the common law, must be strictly construed and their requirements strictly complied with.

2. Under the acts authorizing the mortgage of a leasehold the pledge is of the lease together with the buildings, fixtures and machinery belonging to the lessee and appurtenant to such lease; and the term of the lease measures the duration of the lien. The recording of the mortgage and lease is absolutely necessary to give validity to the lien.

3. Where a lease and a mortgage of the lease are duly recorded and both mortgage and lease by their express terms expire on a date named, and the lease is extended after the expiration of the original term, but the extension of the lease is not recorded, the lien of the mortgage is not extended, but is lost on the date when the lease had expired by its terms; and this applies not only to the mortgage on the leasehold estate, but also to the lien upon the buildings and machinery belonging to the lessee.

Argued Oct. 25, 1910. Appeal, No. 77, Oct. T., 1910, by German Savings & Deposit Bank, from order of C. P. No. 2, Allegheny Co., July T., 1907, No. 60, dismissing exceptions to auditor's report in case of Andrew Stock and Peter Kerner v. German Catholic Press Company. Before Fell, C. J., Brown, Mestrezat, Potter, Elkin, Stewart and Moschzisker, JJ. Affirmed.

Exceptions to report of S. Harvey Thompson, Esq., auditor. Before Haymaker, J.

The auditor reported the facts to be as follows:

The mortgaged premises were leased from Mary E. Schenley. The last lease taken to the defendant company was dated February 4, 1901, and was for a term beginning January 1, 1901, and terminated three and one-fourth years from that date. On November 15, 1905, this lease, pursuant to a resolution of the board of directors of the

defendant company, was assigned to Andrew Stock. Stock by writings dated March 13, 1906, and February 5, 1907, agreed to "renew and extend" the lease up to May 1, 1908. These renewal agreements were addressed to the Commonwealth Real Estate Company, were received by it as renting agent for Mary E. Schenley and continued the relation of landlord and tenant between Stock and Mrs. Schenley, or her heirs up to May 1, 1908. This lease was assigned to Stock, held by him and renewed by him as trustee for the German Catholic Press Company, the assignment being made to him and renewed by him at the demand of Mrs. Schenley, the lessor, she being unwilling to renew the lease unless some person financially responsible should be substituted as lessee. The position of Stock with reference to this lease was well. understood by him and the defendant company. The mortgage held by German Savings & Deposit Bank was dated February 4, 1901, and duly recorded February 18, 1901. The property described in the mortgage is, "All that certain leasehold of all that certain lot of ground in the second ward, Pittsburg, Allegheny county, state of Pennsylvania, bounded and described as follows, to wit:" then describing the ground, "Together with the building thereon erected, engines, boilers, machinery, presses, tools, appliances and all other property of every kind now or which may hereafter be placed thereon, belonging to the party of the first part and thereunto appertaining, connected with its business of publishing a newspaper and doing a publishing printing business. The said leasehold hereby mortgaged and intended to be hereby conveyed to said party of the second part is that certain leasehold from Mary E. Schenley by John W. Herron, her attorney in fact, to the German Catholic Press Company, bearing date, to-wit, the fourth day of February, 1901, for the term of three years and three months from Jany. 1, 1901, which said leasehold is hereto attached."

Exceptions to the auditor's report were dismissed by the court.

*Error assigned* was in dismissing exceptions to auditor's report.

*Geo. N. Monro, Jr.,* with him *Geo. N. Monro,* for appellant.

*W. H. Lemon,* for appellee.

OPINION BY MR. JUSTICE ELKIN, January 3, 1911:

The question for determination here is whether appellant, a mortgagee named in a leasehold mortgage, is entitled to preference as a mortgage lien creditor in the distribution of a fund arising from the sale of the property on which the mortgage is alleged to be a lien by a receiver of the defendant company. The auditor who reported a distribution and the learned court below in passing upon exceptions to his report held that the mortgage had lost its lien and therefore its priority. The property mortgaged was a leasehold estate and the authority to mortgage such an estate in Pennsylvania is purely of statutory origin. These statutes being in derogation of the common law must be strictly construed and their requirements strictly complied with. This is the rule of all our cases affecting the validity of statutory liens. It includes leasehold mortgages as well as all other preferences and liens created by statute. The legislature has passed three acts of assembly relating to leasehold mortgages of the kind in question here. They are the acts of 1855, 1868 and 1876. Whatever rights these acts gave appellant should be enforced, but what they did not expressly provide cannot arise by implication. The first named act made it lawful for a lessee for a term of years, "to mortgage his or her lease or term in the demised premises with all the buildings, fixtures and machinery thereon to the lessee belonging, and thereunto appurtenant, with the same effect, as to the lessee's interest and title as in the case of the mortgaging of a freehold interest and title, as to lien, notice, evidence and priority of payment; provided that the mort-

gage be in like manner acknowledged and placed of record in the proper county, together with the lease. . . ." The act of 1868 gives the mortgagee of a leasehold the same remedies for collection as those enjoyed by the mortgagees of other real estate. The act of 1876 has but slight bearing and has only to do with the recording of certain kinds of mortgages. The estate authorized to be mortgaged is "his or her lease or term in the demised premises with all buildings, fixtures and machinery thereon to the lessee belonging." The term of the lease measures the duration of the lien. The pledge is of the lease together with the buildings, fixtures and machinery belonging to lessee and appurtenant to such lease. The foundation of the lien is the leasehold estate and the buildings, fixtures and machinery belonging to lessee are included as appurtenances to the lease, that is appurtenant to the term or estate mortgaged. Buildings, fixtures and machinery not connected with the lease nor appurtenant to it are not subject to mortgage under these acts. The act requires the mortgage and lease to be recorded in the county where the demised premises are located. The recording of the mortgage and lease in compliance with the requirements of the statutes is absolutely necessary to give validity to the lien. This is the method provided for giving notice of record to all persons dealing with the parties affected by the mortgage. The purpose of requiring both instruments to be recorded is to give notice of the terms and conditions of the mortgage and also the nature and extent of the leasehold bound, together with the property appurtenant thereto. This notice being of record, creditors and others are presumed to have knowledge of it and to act accordingly, at least they are bound by it. But they are only bound by what the record contains. In the case at bar there is nothing on record except the mortgage and original lease both of which by their express terms expired on April 1, 1904. It is contended that the lease was extended from term to term and that each extension of the term necessarily carried with it an extension of the lien of

the mortgage. Whether this might be done in any case if the recording acts are complied with, it is not now necessary to decide, but in the present case the contention cannot be sustained because the extensions of the lease were not recorded. The record shows that the term of the lease and the lien of the mortgage expired together on April 1, 1904, and this is the notice mentioned in the act with which creditors are affected. What may have been done by the lessor and lessee of the demised premises as to the extension of the term, not of record, can in no way affect the rights of creditors. The lien of the mortgage depends upon the mortgage record and must stand or fall upon that record.

It is argued for appellant that even if the lien of mortgage on the leasehold estate had expired, it was still a lien upon the buildings and machinery belonging to the lessee. This position cannot be sustained. As hereinbefore indicated the lien is primarily on the leasehold and the buildings and machinery are only affected as appurtenances. When the foundation is swept away the whole structure falls. The lien is an entirety and is either valid or invalid as a whole. It is not invalid as to the leasehold and valid as to the buildings and machinery. When the lien expired on the leasehold, it expired on all the appurtenances. Then, again, it is contended that the auditor should have allowed attorney's commission for attempting to collect the mortgage. While there may be some doubt about this question we cannot say under all the circumstances that any clear error was committed.

The learned auditor gave all the questions careful and intelligent consideration and has convinced the court below and here that his conclusions are correct.

Assignments of errors overruled and decree affirmed. Costs of this appeal to be paid by appellant.