## Martin's Estate

*Schrier & Vallilee,* for petitioner; *Lilley & Wilson,* contra.

TERRY, P. J., July 3, 1933.—There has been extended litigation and delay in the settlement of this estate, and this attempt to set aside the appointment of the auditor, named by the court to pass upon exceptions to the final account of Elizabeth M. Green, one of the executrices, and to make distribution of the fund ascertained, is suggestive of further unnecessary delay.

J. H. Thayer, Esq., a reputable member of the bar, was, upon motion for an auditor, appointed to act in that capacity. He entered upon the discharge of his duties, having first been duly sworn, and upon the argument of this rule it

appeared that he had held several hearings and had taken considerable testimony—including that of an important witness brought from Michigan, whose attendance again it might be difficult to procure.

The ground upon which the appointment of the auditor is attacked is that when appointed he was Register of Wills and Clerk of the Orphans' Court of Sullivan County, which offices he still fills. Of this, however, the complainant, or her counsel, was aware when the appointment was made, without objection, and we find among the papers submitted to us an agreement signed by the attorneys of the parties, including those of the complainant, reciting Mr. Thayer's appointment, waiving advertisement of the audit, and authorizing him to fix a time for hearing upon 10 days' notice to the parties or their attorneys.

The auditor's appointment has been continued, apparently by agreement, and the hearings have been attended and participated in by complainant's counsel without demur t the time of obtaining this rule.

In view of all this, we deem it improper to rescind the appointment of the auditor—it being stated upon the argument that this application was without reflection upon him—unless for some compelling reason.

The one urged is that by section 223 of The General County Law of May 2, 1929, P. L. 127, reënacting similar previous legislation, it is provided that a prothonotary or clerk of courts shall not practice as attorney in the courts of which he is prothonotary or clerk; and that the register of wills shall not practice as aforesaid in the orphans' court of his county.

By section 47(c) of the Fiduciaries Act of June 7, 1917, P. L. 447, 514, the orphans' court is authorized, in cases of this kind, to appoint "a suitable person" as auditor.

An auditor is one "called in by the court, to hear matters of detail which the court has not time to hear, and to inform the conscience of the court as to facts which are essential to be known, before a particular decree or judgment can be pronounced": Miller's Appeals, 30 Pa. 478, 490.

He becomes an officer of the court for such purpose.

In assuming the offices mentioned, the auditor in this case relinquished his practice before the courts.

In our opinion, in acting for the court, as auditor, with the acquiesence of all the parties, he is not practicing law within the meaning of the section of the Act of 1929 invoked. He represents neither party and is disinterested. There are few attorneys in Sullivan County, some of whom have been employed in this estate, and Mr. Thayer was the only one of extensive practice and experience available. It comes with poor grace now to question his appointment in the course of the proceedings, his fairness and ability being conceded.

The only authority cited by the complainant was a still unreported decision of the Superior Court [Langeland v. Langeland, 108 Pa. Superior Ct. 375] disapproving of the appointment of a court stenographer as master in a divorce case, because, we were told, he was not an attorney. The opinion of that court has not been furnished us, but apparently it has no application here.

In Palmeter v. Crowley, 2 Just. L. R. 194, Judge Walling (later a justice of the Supreme Court) held that, while a justice of the peace could not act as agent for a plaintiff in the collection of a claim and then try the case, such conduct was a matter of personal disability which might be waived by the defendant going to trial with full knowledge of the agency.

In Adam v. Mengel, Admr., 5 Sadler 402, it was decided that an acknowledgment of a mortgage before a justice of the peace who had qualified as clerk of the courts was valid, although an act of assembly declared that no person should be capable of holding both offices at the same time, and further that the accept-

ance of the money secured by the mortgage estopped the mortgagor from denying the validity of the acknowledgment.

The functions of referees and auditors are similar, and in 24 A. & E. Enc. of Law (2d ed.) 228, it is stated that "as a general rule, if a party knows of the objections to a referee and proceeds without raising them, he is deemed to have waived them", a number of cases being cited. See also 53 C. J. 723.

And in Mitchell v. Wilhelm, 6 Watts 259, it was held that, while the statutory provision for the choice of arbitrators when but one party attends on the day fixed for their appointment was not observed, in that the prothonotary did not exclusively fix their number, the error was cured by the subsequent appearance and want of dissent of the complaining party. See also Henneigh v. Kramer, 50 Pa. 530.

Under all the circumstances appearing here we believe we should not sustain the belated contention that the appointment of the auditor should be revoked, and accordingly the rule is discharged.

NOTE.—An appeal was taken to the Supreme Court in this case, and a supersedeas was refused. Subsequently a discontinuance of the appeal was entered.