## Bell Petition

*George L. Fenner, Sr.*, for petitioners.
*Cletus M. Lyman*, for respondent.

BIGELOW, J., August 16, 1968.—This matter comes before the court on mortgagors' petition for rule to show cause why a mortgage should not be stricken from the records. This rule was granted upon Union Savings and Loan Association of Hazleton on June

21, 1961. Respondent filed an answer on July 12, 1962. By stipulation of counsel filed May 27, 1968, First Federal Savings and Loan Association of Hazleton, assignee of the original respondent, was substituted as respondent.

Mortgagors elected to proceed by petition for rule upon mortgagee-respondent to show cause why this mortgage should not be stricken from the records. Mortgagors could have proceeded either by bill in equity (West v. Watkins, 190 Pa. Superior Ct. 29), or by an action to quiet title: Engemann v. Colonial Trust Company, 378 Pa. 92. Three decisions have been written by members of this court in connection with this proceeding. By opinion dated September 29, 1961, Judge Schiffman, writing for the court en banc, stayed all proceedings on this motion to strike pending the outcome of an appeal by petitioners herein from a decision and order of this court discharging mortgagors' rule upon mortgagee to show cause why the judgment, filed to July term, 1959, no. 956, entered upon the bond accompanying the subject mortgage should not be opened. By decision and order dated June 21, 1962, cross preliminary objections were dismissed by President Judge Pinola, writing for the court en banc, and the Union Savings and Loan Association, mortgagee and respondent, was directed to file an answer to the petition for the rule to strike the mortgage. This answer was filed on July 12, 1962. By decision and order dated March 1, 1963, Judge Schiffman, writing for the court en banc, dismissed mortgagors-petitioners' preliminary objections to mortgagee-respondents' answer to the petition. George L. Fenner, Sr., counsel for petitioners, filed a praecipe on April 29, 1968, pursuant to which this matter was listed for argument held May 27, 1968. No depositions were taken to support the averments of the petition. The rule is before the court on petition and answer.

The germane facts, established by reference thereto pursuant to Pennsylvania Rule of Civil Procedure 209 and Luzerne County Common Pleas Rule 206 (d), are set forth in the following paragraph.

On October 10, 1957, petitioners executed a mortgage in the amount of $16,500 in favor of the Union Savings and Loan Association, a building and loan association, on realty located in Fairview Township, Luzerne County. This mortgage is recorded in Luzerne County Mortgage Book 746, at page 510. The acknowledgement of mortgagors was taken before a notary public who was also an officer of the Union Savings and Loan Association. Subsequently, judgment was entered on the mortgage bond in favor of the obligee and execution issued on the real property described in the mortgage: See July term, 1959, no. 956, Court of Common Pleas, Luzerne County. Thereafter, on July 21, 1961, in this proceeding, petitioners moved to strike the mortgage on the following grounds:

1. As the mortgage binds a leasehold interest and the Act of April 6, 1951, P. L. 69, art. II, sec. 201, 68 PS §250.204, has not been complied with in that the lease was not recorded, the mortgage must be stricken;

2. That under the Act of April 6, 1951, a leasehold interest as collateral for a mortgage must have a term of not less than 50 years from the date of the obligation and in this case there remained but 26 years of the term;

3. That since the notary public who acknowledged the mortgage was an officer of the mortgagee such act is invalid and contrary to the Act of August 21, 1953, P. L. 1323, sec. 19, 57 PS §165;

4. The mortgage violated the following provisions of section 907B of the Building and Loan Code:

"(a) No proper legal application for a mortgage loan of the said Building and Loan Association was ever made by your petitioners. A paper purporting to be an application was signed in blank.

"(b) No application for said mortgage loan was approved by the Board of Directors of said Building and Loan Association as provided by the said Code and the by-laws of said Association.

"(c) No share or shares of stock were ever issued to said petitioners in connection with said loan by said Association, as provided by the Code for transfer in connection with said transaction.

"(d) That no amount of monthly payment was inserted in said mortgage, no fixed monthly installment payment was ever made or contemplated to be made constituting a violation of the provisions of said Code.

"(e) That the amount of real debt of said mortgage, to wit: $16,500.00, was greatly in excess of the amount permissible to be loaned under the provisions of said Code by a Building and Loan Association on the Leasehold interest in property involved and bound by this mortgage.

"(f) Loan was made in violation of the provisions of the Code that the mortgage should not be junior in point of lien on the property to other encumbrances of record as in this case when mortgage taken on October 10, 1957 and recorded November 8, 1957, the following encumbrance was of record and not assumed by the Association to comply with the provisions of the Code. No. 184 March Term, 1957, entered December 15, 1956, for a debt of $3,024.72, and not paid and satisfied until March 10, 1959".

We shall now treat each of petitioners' reasons for striking the mortgage seriatim:

The first contention of petitioners is that the mortgage, binding a leasehold interest, does not comply with the Act of April 6, 1951, P. L. 69, art. II, sec. 201, 68 PS§ 250.204.

This act, which provides that every tenant of a leasehold interest may mortgage his leasehold interest, states in part:

"Any such mortgage shall be acknowledged and placed on record in the proper county, together with the lease, as in the case of mortgages on freehold interests. If the lease is recorded in the office of the recorder of deeds of the proper county at or before the time of the recording of the mortgage, such recording shall be deemed sufficient compliance with this section if full and distinct reference is made in said mortgage to the book and page where the lease is recorded".

Examining the mortgage here in question, following the description of the mortgaged premises appears the following language:

"This deed is made subject to the provisions of the Lease for the said lot between the Glen Summit Hotel and Land Company and Richard I. Conety and Elizabeth Conety, his wife, and formerly owned by Albert Lewis as assignee of the said lessee.

"And the said grantees herein covenants, promises and agrees to fulfill, perform and keep all the requirements in the said Lease of the said Glen Summit Hotel and Land Company, hereby releasing and relieving the said Elizabeth Conety, widow, of the responsibility of fulfilling any of the covenants in said Lease contained".

As the property mortgaged was a leasehold estate, and authority to mortgage such an estate in Pennsylvania is purely statutory in origin, strict compliance with the statute, as it is in derogation of the common law, is necessary: Stock v. German Catholic Press Company, 230 Pa. 127. Thus, we must find that there was not strict compliance with the statute, as neither a copy of the lease accompanied the mortgage nor was the recording data of said lease referred to

in the mortgage. However, it does not follow that merely because of this infirmity the mortgage is a nullity. The failure to comply with the act has been held to result in the loss of priority of lien as between creditors but not to effect the invalidity of the mortgage as between the mortgagor and mortgagee: Stock v. German Catholic Press Co., supra; Speer's Assigned Estate, 10 Pa. Superior Ct. 518; In the Matter of W. M. Dick Company, 62 Pitts. L. J. 522. We thus conclude that the mortgage is not to be stricken for the above stated reason.

Petitioners next contend that under section 2, art. I, (we assume that petitioners have reference to the Building and Loan Code of May 5, 1933, P. L. 457, art. I, sec. 2, as amended, 15 PS §5002), a "leasehold interest", to qualify as collateral for a mortgage, must have a term of not less than 50 years from the date of the obligation. The factual basis for petitioners' position is as follows: The lease which was executed on August 1, 1884, was for a term of 99 years, i.e., to expire in 1983. Since the mortgage was executed in 1957, there remained only 26 years of the term, and hence the mortgage was contrary to the above cited act. However, in the definition of a "leasehold interest" as therein set forth, it is provided that the term of the lease must not be less than 50 years, or one which is renewable for a period of at least 50 years from the date of the obligation and that the right of renewal of the lease on behalf of the lessee shall be vested in the mortgagee until the obligation is eliminated or paid off.

In the fourth paragraph of the lease, the following language appears:

"Renewal from time to time at the option of the said party of the second part and his Executors, Administrators and *Assigns*. Said option to be made in writing and delivered to the President or other Officer

of the said Company for a like term and upon the same conditions and restrictions and with the right in the same manner and upon the same conditions and restrictions to *renew* this lease for a further period of Ninety-nine years whenever and as often as the same shall expire". (Italics supplied.)

We hold that the term *"assigns"* includes in this context the mortgagors and after the execution and delivery of the mortgage, the mortgagee: Finley v. Glenn, 303 Pa. 131, 137. Having concluded that the mortgagee by the terms of the mortgage conveying, inter alia, all the rights of mortgagors in the mortgaged premises, has the right to renew the lease for another 99 years, as set forth in the lease, there has been no violation of the act above referred to and, hence, this reason propounded by petitioners is dismissed.

Petitioners next complain that since the notary public who acknowleded the mortgage was an officer of the mortgagee, the acknowledgment is invalid as it is contrary to the Act of August 21, 1953, P. L. 1323, sec. 19 (a) and (e), 57 PS §165 (a) and (e), of the same act which provides that no notary public may act as such in any transaction in which he is a party or pecuniarily interested.

An acknowledgment is no part of the execution of a deed (mortgage) and an acknowledgment is unnecessary to render a conveyance valid as between the parties: Faust v. Heckler, 359 Pa. 19; Maguire v. Preferred Realty Co., 257 Pa. 48. For the purpose of argument, assuming the acknowledgment to be defective, the mortgage is still valid as between petitioners and respondent; Adam v. Mengel, 8 Atl. 606, 5 Sadler 402; Hopkins v. Albee York Homes, Inc., 42 D. & C. 2d 211.

Petitioners also contend that the mortgage violated the Building and Loan Code, 15 PS §5907, in the spe-

cific details set forth in their petition quoted in subparagraphs (a) to (f) above.

Violation of regulatory or statutory provisions applicable to financial institutions cannot be used by a borrower to invalidate his obligation.

"A person who obtains a loan from a building and loan association is usually estopped from questioning the association's authority to make the loan, or from objecting to any irregularity in the proceedings whereby the loan was obtained. Similarly, where the association has accepted the benefit of a loan transaction, it cannot repudiate any of its terms and it cannot ratify the beneficial part and reject the remainder": 6 P. L. Encyc. 205.

" . . . the indebtedness of Kipp exceeded the credit which the National Bank was permitted to extend to any one individual. Kipp, however, was not in a position to complain of this. The securities which he had given were not therefore invalid . . . any violation of section 5200 of the Revised Statutes can only be determined by suit brought by the comptroller of the currency in the proper court of the United States": McCartney v. Kipp, 171 Pa. 644, 649-50.

In determining this matter, the court has considered the basic material facts of the petition to have been as pleaded in the petition. While no depositions were taken in support of these averments which were denied by the answer, it has appeared to the court that, for the reasons stated above, there is no merit to the rule to strike this mortgage from the records. No appellate or lower court authority has been cited by petitioners in support of the rule or the reasons submitted in support thereof. Rather than prolong this phase of the litigation by submitting it to a master, as proposed in petitioners' argument brief, it appears that the respective legal positions of petitioners and the substituted respondent can be resolved by refer-

ence to the controlling legal principles applicable to the facts as averred by petitioners. For the reasons set forth above, the rule to show cause why the mortgage in question should not be stricken from the record will be discharged.

ORDER

Now, August 16, 1968, petitioners' rule to show cause why the mortgage should not be stricken from the record is discharged.