## White *against* Shriver.

By an instrument of writing under seal, and attested by two witnesses, the parties agreed to meet and liquidate the amount due ; but if they could not agree, then to choose arbitrators, on whose award judgment should be entered by any attorney at law, or the prothonotary, in the form of an amicable suit and judgment.   The parties, not agreeing, chose arbitrators, without having a subscribing witness to the instrument choosing them.   After the award was rendered, the proceedings were docketed by the prothonotary as an " amicable arbitration," and judgment entered by him on the award, " by virtue of the writing obligatory, signed by the defendant authorising him." Held, that the proceedings were not under either the act of 1705 or that of the 21st of March 1806, but must be considered as a reference at common law, in which judgment cannot be entered up on the award, but the party's remedy is by action.

ERROR to the common pleas of *Green* county.

This was a writ of error to reverse a judgment in favour of Henry Shriver and Mark Gordon, administrators of John Shriver deceased, against Isaac White.

The defendant and plaintiffs entered into a written agreement to meet together for the purpose of settling their accounts, and if they could not agree, to refer the subject to referees to be by them chosen, upon whose report, or that of a majority of them, "judgment to be entered in the court of common pleas of Green county, by any attorney at law, or by the prothonotary of said court, in the form of an amicable suit and judgment."   This agreement under seal was executed by the parties in the presence of two witnesses.   They met and did not agree to a settlement, but chose three referees, by a writing not under seal, dated 23d of September 1831, to meet at a certain time and place.   The referees met afterwards and heard the parties, and made an award in favour of the administrators of John Shriver for 486 dollars, which was delivered to the prothonotary, upon which he entered a judgment against Isaac White for that sum, by virtue of the authority contained in the original agreement.   A motion was made in the court below to set aside the judgment, on the ground that it was illegal, which the court refused to do.   The only question which arose in the court was, whether the entry of the judgment was authorized by the act of the 21st of March 1806.

*Flennekin,* for plaintiff in error.

The principal question is, under what act of assembly the proceedings in the case may be considered ?   From the terms of the submission, but more especially from the manner of proceeding upon it, I hold it to have been under the act of the 21st of March 1806.   There was no suit pending between the parties.   The submission was not

[White v. Shriver.]

carried to the prothonotary's office to be filed until after the referees had met and made out their award.    It was then filed and judgment entered by the prothonotary without proof of the agreement by either of the subscribing witnesses.   Massey *v.* Thomas, 6 *Binn.* 338.   The fact of the arbitrators having been sworn, excludes the idea of the proceedings being under the act of 1705.   *Ibid.*   They cannot be held to be under the act of the 24th of February 1806, as that clearly contemplates the adjustment of difficulties by the parties themselves, and voluntary confession of judgment.

*M'Kennan,* for defendants in error.

This is a proceeding under the twenty-eighth section of the act of the 24th of February 1806, *Purd.* 439.   That act directs the prothonotary, on the application of any person being the holder of a note, bond, or *other instrument* of writing, in which judgment is confessed, or containing a warrant for an attorney at law or other person to confess judgment, to enter judgment against the person or persons who executed the same for the amount which, from the face of the instrument, may appear to be due, without the agency of an attorney.   He is directed particularly to enter on his docket the date and tenor of the instrument of writing on which the judgment may be founded, which shall have the same force and effect as if a declaration had been filed and judgment confessed by an attorney, or judgment obtained in open court in term time.   In this case there has been a substantial compliance with the terms of the act.   On the docket are entered the names of the parties in form of an action, the date and nature of the writing upon which the judgment is entered, the amount of the judgment, and the authority under which the prothonotary acted.   The entry contains substantially, although not formally, as much as the declaration and confession of the judgment by an attorney would have done.   If an attorney had made the confession, which clearly he might have done, he would have filed a declaration containing a recital of the submission and award, and a reference to the authority to him to confess a judgment.   He would then on the declaration have said, "by virtue of the letter of attorney within referred to, I do hereby appear for the defendant and confess a judgment against him for the sum of 486 dollars, or for the amount of the said award," &c.   This is the manner in which an attorney would have done it, and this is substantially the form pursued by the prothonotary in this case.   If an attorney could have confessed the judgment, then clearly the prothonotary could enter it without his agency.   Being a substantial compliance with the act of assembly, it will be supported.

The Commonwealth for use *v.* Conard et al., 1 *Rawle* 249.   In this case the prothonotary omitted to mention the stay of execution on the record, although contained in the bond, and *although it seems directed by the act of assembly.*   Still the court held the entry a good one.   In the case of Helvete *v.* Rapp, 7 *Serg. & Rawle* 306, there

[White v. Shriver.]

was no judgment actually entered, but a recital that the " plaintiff files of record a judgment bond, &c. ;" and still it was sustained as a compliance with the act. In that case, Judge Duncan says, " there being no literal form directed, and no precedent to guide the prothonotary in the exercise of this new duty, each has adopted his own mode : they are as various as their faces, and many of them scarcely present a feature to inform a purchaser or designate a judgment ; but here is a substantial entry of a judgment bond, containing all that is necessary to give information." So we say in this case, every essential requisite to give notice or information to purchasers and others concerned is contained in this entry. The nature of the writing. (" *the parties by their writing obligatory, &c.*"), its date, the manner in which the debt accrued, its amount, are all embraced in the entry, and a judgment is actually entered in pursuance of the authority contained in the writing. We cannot conceive what more can be required.

But if the entry of this judgment is not good under the act of the 24th of February 1806, it is valid under the settled practice. Cook et al. *v.* Gilbert, 8 *Serg. & Rawle* 567. In that case the agreement was, that an amicable action should be entered at August term 1819, and that the prothonotary should enter judgment against the defendant for 728 dollars 45 cents damages and costs of suit. The prothonotary entered a judgment upon this writing, which was sustained.

In this case the liquidation of the claim is submitted to men, and the agreement is, that for the amount to be ascertained by them judgment is to be entered by an attorney at law or by the prothonotary, " in the form of an amicable suit and judgment." That amicable suit and judgment were entered. See also Peters's Administrator *v.* Peters, 13 *Serg. & Rawle* 196.

The opinion of the Court was delivered by

SERGEANT, J.—No attempt has been made to sustain this judgment as properly entered by virtue of the acts of 1705 or 21st of March 1806, concerning amicable references by consent of parties. Nor indeed could the proceedings be supported under either of these acts. Not under the former, because there was no action pending or entered on the docket before the award was rendered, nor was the reference made a rule of court. The proceedings do not fall within the act of the 21st of March 1806, authorising an award to be taken to the prothonotary's office and entered there, because the requisites of that act were not conformed to. The agreement to refer was not proved by a subscribing witness: nor was there any subscribing witness to the writing of the 23d of September 1831, choossing referees. It must, therefore, be treated as a reference at common law, in which judgment cannot be entered upon the award, but the party's remedy is by action.

It is contended by the defendant in error that the judgment is

II.—3 K

[White v. Shriver.]

good under the twenty-eighth section of the act of the 24th of February 1806, authorising the prothonotary of any court of record, "on the application of any person being the original holder (or assignee of such holder) of a note, bond or other instrument of writing, in which judgment is confessed, or containing a warrant for an attorney at law, or other person to confess judgment, to enter judgment against the person or persons who executed the same, for the amount which upon the face of the instrument may appear to be due, without the agency of an attorney, or declaration filed, &c." But that act only permits the entry of a judgment on a note, bond or other instrument of writing, of a similar kind, binding the party in the payment of some certain sum of money, or to do some definite thing. Whereas this is an agreement in the first place that the parties should meet together to liquidate the amount due, and if they could agree on the amount due, then writings to be entered into accordingly; but if they could not agree, then to choose referees to ascertain the amount due, on whose award judgment should be entered. It is, therefore, simply an agreement to refer by consent of parties, and an award thereon by the referees; and is of a character altogether distinct from the instruments of writing contemplated by this act.

Judgment reversed.