# Bentley J. Climenson *v.* Edmund Climenson, Appellant.

*Arbitration—Reference under act of March 20, 1810—Justice of the
peace—Record—Common law submission.*

To sustain an award of arbitrators under the act of March 20, 1810,
the record of the justice of the peace must show that there was an action
pending, that plaintiff's claim exceeded five dollars and thirty-three cents,
and that the parties, or one of them, refused to submit to the determina-
tion of the justice.

Parties to a dispute appeared before a justice, and stated that they had
agreed to refer all matters at variance between them to three men whom
they named, for their decision, and that they had fixed upon a time and
place for the hearing, and that the award should be final.   The justice
wrote out the agreement on the docket, writing above it, as a caption, the
words "Amicable action."   The arbitrators returned their award to the
justice, who thereupon wrote upon his docket "Judgment publicly, ac-
cording to the above award."   *Held*, that the justice had no jurisdiction
over the award, and that the entry on his docket was without effect upon
the rights of the parties.

In the above case all the elements of a common law submission were
present, and the award of the arbitrators was conclusive.

Argued Feb. 6, 1894. Appeal and certiorari, No. 84, July T., 1893, by defendant, from judgment of C. P. Chester Co., Jan. T., 1893, No. 15, on verdict for plaintiff. Before STERRETT, C. J., WILLIAMS, MITCHELL, DEAN and FELL, JJ. Affirmed.

Assumpsit on award of arbitrators. Before HEMPHILL, J.

The stenographer's notes of the trial contained the following entries:

"It is admitted that the agreement for a reference and the award of the arbitrators were made in an amicable action pending before J. W. Morton, a justice of the peace of Honeybrook township, and that admission being made it is agreed that the certified copy of the reference and award be received with like effect as if they were the original.

"Mr. Reid offers in evidence a certified copy of the transcript before the justice of the peace, J. W. Morton, in the suit between B. J. Climenson and Edmund Climenson, amicable action, which contains a copy of the submission and award.

"Mr. Monaghan objects to the transcript, because this was a suit pending before a justice of the peace, and that, therefore, the submission and award are not a common law submission and award, which is stated by the plaintiff's declaration or statement, to be sued upon. Secondly, that it appears on the face of the award that it is not responsive to the submission. Objection overruled and paper admitted."

The justice's record was as follows:

"Amicable action. Personally appeared before me, J. W. Morton, a justice of the peace, in and for the county of Chester, B. J. Climenson and Edmund Climenson, and agreed to submit all matters at variance between them to Evan Dampman, W. D. Winger and A. M. Anderson, to meet in the library room in Honeybrook on the 23d day of January, 1890, at one o'clock in the afternoon.

"January 23, 1890. It is hereby agreed by the parties above named that all matters in dispute between them shall be submitted to the above arbitrators, and that the award of the said arbitrators shall be final and that neither party will appeal therefrom. (Signed by plaintiff and defendant.)

"We, the above named referees, having been affirmed according to law, and having heard the parties, their proofs and

allegations, do award that we find a balance of one hundred and forty-six dollars and eighty-six cents due B. J. Climenson as it appears on their accounts of profits and charges, as settlement in full from April 21, 1871, to April 1, 1878.    (Signed by arbitrators.)

"Jan. 25, 1890.  Judgment publicly; according to above award.

"November 29, 1890.   Transcript given B. J. Climenson.

"Certiorari served July      1892, and transcript furnished."

Binding instruction for plaintiff was given. [1]

Defendant's points were as follows:

"1.  That the transcript in evidence and the admission of the plaintiff shows that the reference in this case was of an action pending before J. W. Morton, a justice of the peace; the arbitration and award cannot therefore be treated as a common law submission and award."   Refused. [2]

"2.  If the jury believe that the submission in this case was of an action pending before a justice of the peace the award cannot be treated as a common law award."   Refused. [3]

"3.  If the jury believe that the arbitrators refused to hear and consider claims presented by Edmund Climenson the award is bad and cannot be sued upon.  *Answer :* That also is disaffirmed for the reason that there is no evidence, that I recall, to support it." [4]

4.  Request for binding instruction.   Refused. [5]

Verdict and judgment for plaintiff.   Defendant appealed.

*Errors assigned* were (1–5) instructions, quoting them.

*R. Jones Monaghan, J. Frank E. Hause* with him, for appellant, cited: Acts of March 20, 1810, § 3, 5 Sm. L. 165, Purd. 984, pl. 56 ; April 26, 1855, P. L. 304, Purd. 989, pl. 80 ; Deerfield v. Arms, 20 Pick. 483 ; McKillip v. McKillip, 2 S. & R. 489; Lockwood v. Deming, 1 Pitts. 212; Benjamin v. Benjamin, 5 W. & S..562; Bradford v. Bryon, Willes, 270 ; Morse on Arbitration, 342; Jones v. Welwood, 71 N. Y. 208; Gaylord v. Norton, 130 Mass. 74; Richard v. Brinker, 1 Halst. 319 ; Harker v. Hough, 2 Halst. 428 ; Johnston v. Blackbill, 1 P. & W. 369 ; Hamilton v. Hart, 125 Pa. 149.

*Alfred P. Reid*, *C. W. Talbot* with him, for appellee, cited: Slocum v. Taylor, 8 S. & R. 399 ; Hume v. Hume, 3 Pa. 144 ; White v. Shriver, 2 Watts, 471 ; Benjamin v. Benjamin, 5 W. & S. 562.

OPINION BY MR. JUSTICE WILLIAMS, October 1, 1894: .

This action was. brought upon an award, and the question raised by the defendant on this record is whether the award will support an action. Is it an award at common law, or must it be treated as made in an action pending before a justice of the peace and enforceable only by him in the manner pointed out by the act of 1810?

That act makes provision for the reference of actions pending before a justice when the amount of the plaintiff's claim exceeds five dollars and thirty-three cents and either party refuses to submit to the determination of the justice. In such a case it becomes the duty of the justice to request the parties to choose referees, " one, two or three each, and mutually to agree upon a third, fifth or seventh man." The referees when chosen are to be sworn well and truly to try all matters in variance between the parties, submitted to them ; and after the trial they are to make an award and transmit the same to the justice, whose duty it is to enter judgment thereon for the sum awarded with costs. These provisions show that as a basis for the reference provided by the act of 1810 there should be an action pending before a justice of the peace for some cause of action ; it should appear that the plaintiff's claim exceeds five dollars and thirty-three cents ; and that the parties, or one of them, refuses to submit to the determination of the justice.

These circumstances should appear upon the docket of the justice, and should be followed by the selection of the referees, by their award, and by the entry by the justice of a judgment for the sum awarded with costs. The entries upon his docket thus become a connected and self-sustaining record of the proceedings from the beginning of the action to the entry of judgment therein. Turning now from the provisions of the act of 1810 to the case before us, we find that we have no pending action, no statement of the nature or the amount of the plaintiff's claim, and no refusal to submit to the determination of the justice. On the other hand the parties seem to have pre-

sented themselves before the justice in order to have their agreement reduced to writing. They declare before him that they have agreed to refer, not a pending action but all matters in variance between them, to three men, whom they name, for their decision, and that they have fixed upon a time and place for the hearing. The justice wrote out this agreement on his docket, writing above it as a caption the words "Amicable Action." So far the action of all parties indicates a common law submission. Nothing but the words "Amicable Action" could by any construction connect the justice with the agreement in any other capacity than as the scribe of the parties. The arbitrators were probably misled by the caption to the submission, and returned their award to the justice, who thereupon wrote upon his docket "Judgment publicly according to the above award."

We think the justice had no jurisdiction over this award, and the entry on his docket is without effect upon the rights of the parties. The basis for a submission under the act of 1810 is wholly wanting. There was no action pending, no statement of any claim or demand, nothing to show the amount demanded, and no refusal to submit to the judgment of the justice. On the other hand the elements of a common law submission are present. There was an agreement between the parties to submit all matters at variance between them to the decision of arbitrators; this agreement was reduced to writing and a copy of it furnished to the arbitrators; the arbitrators heard the parties and made an award which they reduced to writing. This award was returned to the justice instead of being delivered to the successful party; but this could not change the character of the submission or give jurisdiction to the justice. The submission and award are at common law. The learned judge of the court below was right in so holding and the judgment is affirmed.