Isaac et al. *v.* Donegal & Conoy Mutual Fire Ins. Co., Appellant.

352

Argued May 27, 1930. Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*Douglass D. Storey,* with him *Budd B. Boose* and *Hause, Evans & Baker,* for appellant.—Appellant properly proved the authority of its adjuster to execute the

appraisal agreement: Curran v. Ins. Co., 251 Pa. 420; Hileman v. Falck, 263 Pa. 351; Bunting v. Goldstein, 283 Pa. 356; Witmer v. Ins. Co., 68 Pa. Superior Ct. 12.

The appraisal agreement having been duly executed and an award thereunder having been actually made to the insureds, they were prima facie bound by that award: Gratz v. Ins. Co., 282 Pa. 224; Chauvin v. Ins. Co., 283 Pa. 397; McFarland v. Ins. Co., 134 Pa. 590; Red Cross Line v. Fruit Co., 264 U. S. 109; McGheehen v. Duffield, 5 Pa. 497; McCune v. Lytle, 197 Pa. 404.

Witness Jacob Friedman for appellant was qualified to express an opinion as to the amount of the loss and damage to the building and his exhibit 4 was admissible.

The averments in the statement of claim on which appellees relied were so sufficiently denied by the affidavit of defense that the trial court was not warranted in regarding them as admitted: Eizen v. Stecker, 295 Pa. 497; McKaraher v. Dowling, 90 Pa. Superior Ct. 32.

*C. L. Shaver*, with him *H. G. Gress*, for appellees.— Evidence in support of the defense set up as new matter was inadmissible on the trial: Futer v. Snyder, 34 Lancaster L. R. 361.

The provisions of the Act of 25 April, 1927, P. L. 381, apply to an insurance policy containing a provision for an appraisal agreement: Bashford v. Land Co., 295 Pa. 560; Kaplan v. Bagrier, 12 D. & C. 693.

Appellant did not prove the authority of its adjuster to execute the appraisal agreement: Todd v. Ins. Co., 9 Pa. Superior Ct. 371; Wicks v. Dempsey, 86 Pa. Superior Ct. 275; Hileman v. Falck, 263 Pa. 351; Curran v. Ins. Co., 251 Pa. 420.

The court did not err in rejecting defendant's exhibit 4, being the estimate of its witness Jacob Friedman: Mumbower v. Weaver, 282 Pa. 605; Heller v. Fabel, 290 Pa. 43.

The affidavit of defense insufficiently denied the averments in the plaintiffs' statement and the trial court

was warranted in regarding them as admitted: Fulton Farmers Assn. v. Bomberger, 262 Pa. 43; Phila. v. Schaefer, 269 Pa. 550; South Hills Trust Co. v. Baker, 278 Pa. 481; Boles v. Electric Co., 89 Pa. Superior 160; McKaraher v. Dowling, 90 Pa. Superior 32; Fidelity & Casualty Co. v. Gizynski, 93 Pa. Superior Ct. 152.

*Horace Michener Schell,* for Lumbermen's Insurance Co. et al., amicus curiæ.

OPINION BY MR. JUSTICE KEPHART, June 21, 1930:

Appellees instituted an action to recover loss due to the destruction by fire of a building, stock of goods, furniture and fixtures. The insurance policy contained the standard appraisal provision to determine the loss. From a judgment for the insured, the case comes to us mainly because of alleged trial errors.

The adjuster who acted on behalf of the insurer attempted to prove by his testimony his authority from the company to execute the appraisal agreement offered in defense. The insured objected to his evidence, and the court below refused to receive it, on the authority of Todd v. Quaker City Mutual Fire Ins. Co., 9 Pa. Superior Ct. 371, that the declarations were hearsay and inadmissible. The case relied on does not fit the instant case; there the attempt was to prove agency by statements of the agent over the objection of the company, and the court held this could not be done. In the case before us, the principal offers to prove the agent's authority by the testimony of the agent.

The rule excludes an agent's declarations to prove agency when offered by a third person, but authority may be shown by the agent's own testimony: 2 C. J. 939, section 694. The authority of an agent can always be proven by the agent himself; he is always a competent witness for his principal: Curran v. Nat. Life Ins. Co., 251 Pa. 420, 435; Hileman v. Falck, 263 Pa. 351, 354; Bunting v. Goldstein, 283 Pa. 356, 359. The wit-

ness may state the facts from which his right to act for his principal in a given matter may appear. He was directed by the insurance company to adjust the loss, and that embodied all necessary steps for that purpose. The letters offered in evidence, showing in themselves that they constituted the correspondence in relation to appellee's loss between the principal and agent, corroborated the testimony of the witness as to his agency, if that was necessary. They must, of course, be shown to be authentic letters of the company. The court erred in excluding them and in refusing to permit the agent to testify as to his authority.

The appraisal provision of the policy reads as follows: "In case the insured and this company shall fail to agree as to the amount of loss or damage, each shall, on the written demand of either, select a competent and disinterested appraiser. The appraisers shall then appraise the loss or damage, stating separately sound value and loss or damage to each item...... An award in writing so itemized......shall determine the amount of sound value and loss or damage." It required the appraisers to state separately the sound value and loss or damage to each item. The insurance covered a building, contents, stock of goods, office furniture, fixtures, and household furniture. The appraisal agreement, though stating that appellees "have sustained a loss by fire ......on two-story, composition roof, brick building, occupied as general store and dwelling,......[and] a disagreement has arisen between the parties hereto, as to the amount of such loss," covered in fact all items of loss as mentioned above. It continues: "[The parties named] are hereby appointed appraisers, to appraise, in accordance with the terms and conditions of the policy [or policies], the sound value of said property and the amount of loss or damage......stating separately sound value and loss or damage to each item." This follows the terms of the policy as to appraisal. The award did

not follow the terms of the submission; only one item was appraised, the building.

Appellant offered the award as final and conclusive as to this item. The court below refused to receive the award because it had not been shown that the agreement on which the award was based had been made by the adjuster under competent authority. Had the court admitted the testimony as to the agent's authority, the agreement and the award could have been received in evidence.

Both were further objected to as not being properly pleaded under the Practice Act of May 14, 1915, P. L. 483, as amended by the Act of April 22, 1929, P. L. 627. This objection is unsound. The affidavit set forth both documents and their purpose as a defense, and appellees had full notice of its contents. That the words "new matter" did not precede these allegations, and that there was no endorsement on the affidavit of defense of a requirement that plaintiff should reply thereto, does not operate to exclude proof of the defense averred. The Act of 1929, while providing, in a number of respects, for such exclusion where there is a failure to comply with its terms, does not do so as regards the two matters above set forth. If plaintiffs were not satisfied with the affidavit as a pleading, because of these omissions, their remedy was a motion to strike it off, as provided by section 21 of the Act of 1915, P. L. 487.

Appellant now contends the award was final as to the entire loss. The dispute was apparently over the value of the loss to the building, nevertheless the agreement, speaking according to the terms of the policy, contemplated placing a value on all items of loss insured against. This was not done. The assured may well say: "I agreed that the arbitrators should make an award as to all items of loss, not as to one item only." It is no answer that some losses were too difficult to estimate, too indefinite to ascertain, or forgotten, hence not made. The agreement was to be a complete settlement

and to prevent litigation; the award did not follow the submission and it encouraged litigation. While it is not necessary to provide that all matters shall be so appraised (Cooley's Briefs on Insurance, 2d ed., volume 6, page 6178, and Milwaukee Mechanics Ins. Co. v. Ciaccio, 38 Fed. 2d 153, rendered February 25, 1930, U. S. Circuit Court of Appeals, 7th Circuit), this agreement did so. If there is a failure to pass upon all the matters submitted to arbitration, or if the award covers only a part of the loss or damage included in the submission, the award is not binding: 26 C. J. 424. While under the submission the award is not conclusive, it is persuasive evidence to go to the jury on the value of the loss to the building. We will not determine all the questions relating to the award because there are other charges averred in the record with regard to it which may ultimately determine the question as to its utility for any purpose when the case is retried.

Appellees urge the award was made under the Act of April 25, 1927, P. L. 381, but the insurance company did not follow the act. The first section of the act changed the common law with respect to certain agreements to arbitrate: See Bashford v. West Miami Land Co., 295 Pa. 560. The act provides a method whereby one of the parties may compel the other to arbitrate; it also provides a remedy under which arbitration takes place, but there is nothing in the act to repeal the old-time arbitration, or prevent suit on the award if the parties choose to follow that course. The act is not exclusive but it does provide a more effective remedy for prosecuting such agreements. In any case, it is questionable whether insurance agreements for arbitration are within the act. We need not decide that point. See Petition of American Ins. Co., 208 App. Div. 168, 203 N. Y. S. 206; Matter of Fletcher, 237 N. Y. 440, 143 N. E. 248; American Steel Co. v. German-American Fire Ins. Co., 187 Fed. 730.; Royal Co. v. Ries, 80 Ohio St. 272, 88 N. E. 638; Russell on Arbitration, 44, 191. Even if this could be

called a proceeding under the act, it should have been followed by both parties, as appellee had just as much right to force the award into court as appellant. Neither side saw fit to follow the act in this respect, and the award is in form a common law award. The effect of it is not lost; its common law attributes remain if it is otherwise sound. Where it is conclusive as to the amount fixed therein, it is subject to the rules governing such awards, and will not be disturbed: McCune v. Lytle, 197 Pa. 404; Thomas v. Heger, 174 Pa. 345; McFarland v. Kittanning Ins. Co., 134 Pa. 590; Robinson v. Bickley, 30 Pa. 384; McGheehan v. Duffield, 5 Pa. 497; Witmer v. Royal Ins. Co., 68 Pa. Superior Ct. 12, 19; Red Cross Line v. Atlantic Fruit Co., 264 U. S. 109, 68 L. ed. 582, 585; 2 R. C. L. 366; 5 C. J. 56, section 103; Cooley's Briefs on Insurance, 2d ed., volume 7, page 6172.

We need not discuss the qualification of a witness to prove the amount of loss or damage incurred. This question has been so often before the court that it should not be necessary again to refer to it.

Judgment of the court below is reversed, and a venire facias de novo is awarded.