Rosenbaum et al. *v.* Drucker et al., Appellants.

Argued January 6, 1943. Before MAXEY, C. J.; DREW, LINN, STERN, PATTERSON, PARKER and STEARNE, JJ.

*Samuel E. Kratzok,* with him *Abraham Hofferman,* for appellants.

*Nathaniel Shapiro,* for appellees.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, March 22, 1943:

We do not propose to dignify this regrettable Church controversy by an elaborate discussion. Had the contending factions accepted and carried out, in good faith, the initial conclusions and directions of the arbitrators of their own selection, this litigation would have been avoided. The arbitrators made a wise and constructive adjudication of the whole controversy. Because the parties failed to abide by, and follow such directions,

the present bill in equity was filed and issue joined. This returned the controversy to its original status. Once again, by stipulation of counsel, the matter was referred to the same arbitrators. Under the terms of the reference, of necessity, the arbitrators were required to find who were the members of the congregation, and who were the duly elected officers. The faction which lost now seeks to review the procedure before the arbitrators and raises all manner of objection and exception to everything which has transpired, both before the arbitrators and in the court below.

Appellants protest that the arbitration award was signed by but two of the three named arbitrators. We agree that the procedure was under the common law and not under the Arbitration Act of April 25, 1927, P. L. 381; 5 P. S. Section 161. In *Sukonik v. Shapiro*, 333 Pa. 289, we held that this statute did not abrogate common law arbitration, but provides a more effective remedy which is cumulative, not exclusive. As neither side attempted, in any particular, to follow the Arbitration Act, it is manifest that the award of the arbitrators was a common law award: *Isaac et al. v. D. & C. Mutual Fire Insurance Company*, 301 Pa. 351-358.

Under the general rule of common law, where an award deals with private, as distinguished from public interests, *all* of the arbitrators must concur therein. However, there exists a well defined exception to the rule. The parties may agree that the award may be made by a *majority* of the arbitrators. Such intent may be gathered from the very fact of submission and from the attendant circumstances: See *Sukonik v. Shapiro*, supra, page 292. It is manifest that these arbitrators were originally named, and thereafter re-named, not only because of their peculiar knowledge concerning regulations and procedure with respect to the method of joinder of members of this congregation and the election of their officers, but because certain of the arbitrators were obviously partisan in their views. A study of the record,

(particularly relating to the affidavits filed in support of the exceptions) and statements in Appellants' paper book, conform this view beyond all reasonable doubt. Under the circumstances of this particular case, and considering all of the surrounding facts, it is a fair implication that the parties agreed and understood that any award could be made by a majority of the arbitrators.

We are not at all impressed by Appellants' attack upon the informality of the procedure before the arbitrators. Unless the mode of conducting the proceeding is provided by the parties—and it was not—the arbitrators have a wide discretion. They are not bound to proceed according to technical rules. Indeed, the parties, by a voluntary submission to judges of their own choosing, dispense with such technical rules. The arbitrators become the final judges of both law and fact, and an award by them will not be reviewed or set aside for mistakes in either: *Canuso et al. v. Philadelphia*, 326 Pa. 302-308. Any difficulty Appellants may have had in obtaining a hearing; the fact that one of the arbitrators may have discussed the case privately with Appellees or their counsel; alleged misconduct in the hearings or the substitution of the arbitrators at the initial hearing, were all waived by the parties because they continued, through their counsel, to participate in the proceedings; *Thomas v. Heger*, 174 Pa. 345; *Henneigh v. Kramer*, 50 Pa. 530; *Christman v. Moran*, 9 Pa. 487; *Bartholomew v. Lehigh Co.*, 148 Pa. 82; *Curran v. Philadelphia*, 264 Pa. 111; *Donahue & Son v. Barclay White Company, Inc.*, 9 D. & C. 303.

It is true that the accounting was not within the scope of the reference to the arbitrators. It was, however, included in the relief prayed for in the bill of equity. As the arbitrators found that the Appellants were wrongfully in possession of the Church property, we see no error in the court's decree ordering an accounting.

Decree affirmed. Costs to be paid by the Appellants.