Wark & Company, Appellant, *v.* Twelfth & Sansom Corporation.

Argued June 4, 1954. Before STERN, C. J., STEARNE, JONES, BELL, CHIDSEY, MUSMANNO and ARNOLD, JJ.

*Yale L. Schekter,* for appellant.

*Samuel A. Goldberg,* with him *Wolf, Block, Schorr* and *Solis-Cohen,* for appellee.

OPINION BY MR. JUSTICE JONES, September 27, 1954:
This litigation involves a dispute over the performance of a building contract and derives directly from a common law arbitration award in favor of the plaintiff contractor. The defendant answered and, by way of new matter, averred that the award was a nullity because the arbitrators, allegedly, had not properly discharged their function. The plaintiff's reply to the new matter denied that there had been any improper activity on the part of the arbitrators. Thereafter, the plaintiff moved for judgment on the pleadings. The

court below refused the motion and this appeal followed.

The refusal of the plaintiff's motion, under Rule 1034 of our Rules of Civil Procedure, for judgment on the pleadings is appealable by virtue of the Act of April 18, 1874, P. L. 64, 12 PS § 1097, which made appealable the refusal of the analogous motion, under prior practice, of judgment for want of a sufficient affidavit of defense: *Rohm & Haas Co. v. Lessner*, 168 Pa. Superior Ct. 242, 244-245, 77 A. 2d 675. Cf. also *Epstein v. Kramer*, 374 Pa. 112, 120, 96 A. 2d 912. It follows that, on such a motion, the allegations of the defendant's answer are to be taken as true. The plaintiff's reply to new matter, if any, is to be ignored: see *Cary v. Lower Merion School District*, 362 Pa. 310, 312, 66 A. 2d 762. But, a plaintiff's motion for judgment on the pleadings (which, in effect, is a demurrer to the defendant's answer) does not authenticate its inferences of fact and conclusions of law: *London v. Kingsley*, 368 Pa. 109, 111, 81 A. 2d 870. And, while summary judgment should be entered only in clear cases, where an answer to a complaint in assumpsit presents no meritorious legal defense to the claim, judgment for the plaintiff should, on motion, be summarily entered in the interest of expediting justice: *Madison-Kipp Corporation v. Price Battery Corporation*, 311 Pa. 22, 25, 166 A. 377.

While the issue here present is, in form, a question of adequacy of pleadings, the case is directly concerned with the finality or conclusiveness of an award in an arbitration proceeding to which the parties voluntarily submitted in accordance with their written contract. Stated otherwise, the basic question is whether a party to a consensual arbitration may, in the absence of an allegation of fraud, bias or the like, set upon an in-

quiry into the reasons and the mental processes by which the arbitrators arrived at their award.

The parties to the present action entered into a written building contract by which the plaintiff agreed to construct a public garage for the defendant. The contract called for progress payments and final payment thirty days after completion of the structure and approval of the work by the architect named in the contract. It also expressly provided for the arbitration of disputes arising out of the contract. When the plaintiff sought payment of the balance of the contract price which it claimed to be due, the defendant asserted counterclaims for allegedly defective work. The parties submitted the entire controversy to the American Arbitration Association for arbitration in accordance with the rules of the Association. Each of the parties selected an arbitrator and three others were designated by the Association to round out a panel of five. The plaintiff averred full compliance with the contract and completion of its obligations thereunder and claimed $20,205.47, with interest, as the unpaid balance. The defendant denied liability because of alleged faulty construction and counterclaimed in the sum of $75,478.89 as damages.

The arbitrators conducted hearings and received evidence from some ten witnesses, making a transcript of testimony of 387 pages. The arbitrators also personally inspected the garage. About a month after the hearings, the arbitrators reopened the proceedings and directed the plaintiff to obtain a certified statement from Clarence S. Thalheimer, the architect named in the building contract, *as to the date of satisfactory completion* of the garage. At the same time, the defendant was given an opportunity "to reply to the statement by Mr. Thalheimer." The architect certified that the garage "was substantially completed by September

19, 1951, and satisfactorily completed by November 28, 1952." The defendant's "reply" to the architect's certification asserted that Thalheimer's status as architect had been terminated prior to the completion of the garage and that, as a consequence, his statement was entitled to no more weight than that given to an ordinary witness.

In due course, three of the five arbitrators announced an award in favor of the plaintiff and disallowed the defendant's counterclaim. The majority award (which is permissible under the rules of the Arbitration Association) gave the plaintiff the full amount of its claim ($20,205.47) with interest thereon from December 28, 1952, i.e., thirty days after the date upon which the architect certified that the garage had been satisfactorily completed. A dissent to the award was filed by the two minority arbitrators which stated that the majority arbitrators had based the award not upon a consideration of the merits of the controversy but upon the certificate of the architect filed at the direction of the majority arbitrators. The dissent further asserted that the majority arbitrators believed it was "unnecessary for the arbitrators to decide the merits of the claims" since "the questions in issue were matters for the architect to decide and that he had decided" them. In a reply to the dissent, the majority arbitrators categorically stated that the award was "based not only on the architect's certificates but on the weight of the evidence submitted and upon the arbitrators' examination of the building." Despite the undertaking of the parties in the submission agreement that they would "abide by and perform any Award rendered pursuant to this Agreement", the defendant refused to comply with the award. The plaintiff thereupon instituted the present action in assumpsit to recover the amount of the award.

The case basically involves a common law arbitration. Such proceedings have not been displaced by the Arbitration Act of April 25, 1927, P. L. 381, 5 PS § 161 et seq.: see *Goldstein v. International Ladies' Garment Workers' Union*, 328 Pa. 385, 389, 196 A. 43. The defendant freely admits that the dispute over the building contract was voluntarily submitted to the arbitrators for their determination in accordance with the rules of the American Arbitration Association; that the arbitrators conducted hearings on the merits of the controversy; and that a majority of the arbitrators (as permitted by Rule 27 of the Arbitration Association) rendered an award for the plaintiff which has not been paid. The defendant also concedes the settled legal principle that, unless the authority of the arbitrators is limited by the agreement of submission, they are the final judges of both law and fact, and an award will not be reviewed or set aside for a mistake in either: *Electric Power Construction Co. v. Allen, Lane & Scott, Inc.*, 367 Pa. 319, 324, 80 A. 2d 799; *Rosenbaum v. Drucker*, 346 Pa. 434, 437, 31 A. 2d 117; *Goldstein v. International Ladies' Garment Workers' Union*, supra, at p. 389; and *Canuso v. Philadelphia*, 326 Pa. 302, 308, 192 A. 133. Nonetheless, the defendant asserts that the majority arbitrators abdicated their responsibilities in the premises by allowing someone else (viz., the architect) to decide the controversy for them without themselves considering the merits of the issues submitted. The assertion is patently unmeritorious. The arbitrators' request that the architect provide them with a statement as to the date of the satisfactory completion of the garage was made with full notice to all of the interested parties. The defendant company was specifically accorded and availed itself of an opportunity to reply to the architect's statement. The obvious purpose of the arbitrators' request of the architect was the

ascertainment of the *date* of completion which was of importance inasmuch as final payment was due thirty days thereafter and interest on the plaintiff's claim would then begin to run. There is nothing from which it may be inferred that the arbitrators had not otherwise found satisfactory completion from all the evidence.

Even assuming, arguendo, that the majority arbitrators relied upon the architect's certification as proof of the fact of satisfactory completion, as the defendant contends, that fact would not vitiate the award. The defendant concedes that the arbitrators were free to accredit fully the testimony of the architect or of any other witness. The status of the architect at the time of the hearings is, therefore, irrelevant. Consequently, even if the arbitrators placed full reliance on the opinion of the architect, *qua* witness, they would be guilty of no more than a mistake of law or fact; and, an award will not be set aside for a mistake of either: see cases cited supra. It is important to emphasize here that, while the court below mistakenly referred to allegations of "misconduct" and "misbehavior", the defendant nowhere alleged that the award was the result of fraud, bias, financial interest or other wrongful motive on the part of the majority arbitrators. To convict an arbitrator of misconduct or misbehavior solely on the basis of an asserted error in his judgment would constitute a grave injustice.

Nor did the action of the majority arbitrators constitute a delegation to the architect of their entrusted duty to decide the controversy submitted to them for determination. The cases cited by the defendant where courts have found an improper delegation of the arbitrators' duty are plainly not in point. For example, in *David Harley Co. v. Barnefield,* 22 R.I. 267, 47 A. 544, a dispute over a trustee's remuneration was submitted for arbitration. In his award, the arbitrator expressly

stated that, being "personally ignorant" of the matter to be decided, he had had recourse to a law firm well acquainted with the matter and had adopted as his award the opinion of the law firm. The court there very properly refused to accredit the award since, on its face, it showed that the arbitrator had completely abdicated his responsibilities in the premises. *Shipman v. Fletcher,* 82 Va. 601, where the arbitrators, without independent examination of certain books of record, sought and accepted the appraisal of expert accountants, is equally inapposite. In *Seaboard Surety Company v. Commonwealth,* 350 Pa. 87, 38 A. 2d 58, the basic matter for the arbitrators' determination was the condition of certain subsoil. Unknown to one of the parties to the proceeding, the arbitrators employed an expert geologist and accepted his report on the condition of the subsoil without further inquiry.

Nor can the defendant be now heard to complain of the arbitrators' reopening of the proceedings in order to ascertain the date of satisfactory completion of the building. The admission of evidence and the reopening of arbitration proceedings are governed by Rules 30, 31 and 35 of the Association. And, Rule 37 provides that "Any party who proceeds with the arbitration after knowledge that any provision or requirement of these Rules has not been complied with and who fails to state his objection thereto in writing, shall be deemed to have waived his right to object." See, also, *Rosenbaum v. Drucker,* supra, at p. 437.

When parties to a dispute voluntarily submit it for decision by arbitrators of their own choosing and the arbitrators make an award after a full and fair hearing of both sides, it is not open to one of the parties thereafter to repudiate the award on the grounds that the arbitrators erred in giving weight to the testimony of one particular witness. Such an allegation is legally

irrelevant and immaterial as a defense to the award. "[Courts] may not 'probe the mental processes' of an administrative officer 'in reaching his conclusions if he gave the hearing which the law required.' . . . We may not assume that the Board neither considered the evidence nor read the respondent's brief . . . , nor may we in such circumstances 'probe the mental processes' of the Board 'in reaching [its] conclusions' . . .": *National Labor Relations Board v. Baldwin Locomotive Works,* 128 F. 2d 39, 47, 48 (C.A. 3). The rule is equally applicable in respect of arbitration proceedings. "There is no authority which sanctions an inquisition of arbitrators for the purpose of determining the processes by which they arrived at an award. An arbitrator who is a quasi-judicial officer should not be called upon to give reasons for his decision": *Shirley Silk Co., Inc. v. American Silk Mills, Inc.,* 257 App. Div. 375, 13 N.Y.S. 2d 309, 311. Were the rule otherwise, the judgment of the court would be substituted in the place of the arbitrators' award, and arbitration instead of being a substitute for legal process and procedure would become but the first step in the course of litigation.

The order of the court below is reversed at the appellee's costs and the record remanded with directions that judgment for the plaintiff be entered in accordance with this opinion.