## William H. Thomas, Appellant, *v.* Thomas A. Heger.

*Arbitration—Revocation of submission—Conclusiveness of award.*

Where parties agree to submit a dispute to arbitrators and " to abide by the settlement agreed upon between " the arbitrators, and no attempt is made to revoke the submission until four days after the award is made, the award is conclusive. In such case the silence and acquiescence of the losing party in the mode of proceeding until the award is made estops him from questioning its validity.

Argued Feb. 4, 1896. Appeal, No. 168, July T., 1895, by plaintiff, from order of C. P. Montgomery Co., March T., 1894, No. 4, overruling exceptions to award of arbitrators and entering judgment for defendant. Before STERRETT, C. J., GREEN, McCOLLUM, MITCHELL and FELL, JJ. Affirmed.

Assumpsit on a contract in writing.

Exceptions to award of arbitrators.

Plaintiff and defendant were contractors and builders, and having mutual accounts covering a period of six or seven years. agreed in writing to appoint two arbitrators to whom their respective accounts were to be referred, both agreeing to abide by the settlement to be made by the arbitrators. The award was

in favor of Heger.   Thomas afterwards served a notice of revocation on the parties and refused to abide by the award upon the ground that the award did not cover all matters in dispute and that the arbitrators had acted improperly in not compelling Heger to appear before them, and in receiving his statements not in presence of Thomas.   Thomas then instituted the present suit, and trial by jury was waived.   On the hearing it was agreed that the question as to whether the award was binding should first be passed upon.   If binding, plaintiff would have no case; if not binding, the matter could then proceed regularly.

WEAND, J., found the facts to be as follows:

Plaintiff and defendant having mutual dealings with each other entered into the following agreement, viz :

JENKINTOWN, September 22, 1893.

This agreement entered into between W. H. Thomas, on one part, and Thomas Heger on the second part, both of Jenkintown, is as follows: That I, W. H. Thomas appoint James Satterthwaite, and I, Thomas Heger, appoint George T. Nice to receive our respective accounts and compare the same towards making a settlement between the said Thomas and Heger, and we both agree to abide by the settlement agreed upon between James Satterthwaite and George T. Nice.   It is understood that if the sill, stone and brick of Weber's houses is not paid for, the same is to be allowed in this settlement, also Thomas to be allowed interest on note of August 28th, 1889, and Heger to be allowed interest in case the arbitrators find he has layed out of any money a sufficient time for the same.

(Signed.)              W. H. THOMAS.

THOMAS A. HEGER.

In pursuance of their appointment the arbitrators met from time to time extending over a period of several weeks.   They received statements of accounts from both parties and endeavored to reconcile conflicting items and statements.   Where a writing was attempted to be changed or waived by oral statements the writing was taken as the best evidence unless otherwise agreed to by the principals.   It was evident to the arbitrators that to have the principals before them would simply widen the breach and be a hindrance rather than a help.   Thomas asked

that they compel Heger to appear, but he knew that this was not done and that the settlement would be made without meeting him before the arbitrators.    Both parties were questioned as to certain matters in the absence of the other and thus neither secured an advantage, for the arbitrators heard both sides.

On October 20, 1893, the arbitrators made their award in which they found there was due from Thomas to Heger the sum of $139.25, and divided the costs between them.    After thus finding, the arbitrators add the following : " It is, however, expressly understood that we, the said arbitrators, have not taken into consideration any matter or matters on account of a contract or agreement existing between said Thomas and Heger in reference to the construction of a house for Charles Roberts and brother in the borough of Jenkintown, Pa., and this award is in full settlement of all matters heretofore existing between said Thomas and Heger, save and except any matter or thing in relation to the construction of said house."

Neither party submitted any statements, charges or accounts to the arbitrators in reference to the Roberts house, nor could they have done so for the house was either not yet commenced or was in such incomplete condition that the matter was not ripe for settlement.    The parties had also given the arbitrators to understand that this matter should not be acted upon and in fact it was not an account or matter contemplated in the submission.    It was not part of the submission.    On October 24, 1893, Thomas notified Heger that for certain reasons assigned he had revoked the submission, and he subsequently brought the present suit.    Trial by jury was waived and in order to save time, expense, etc., it was agreed that the question of the validity of the award should first be passed upon.

The court overruled exceptions to the award, and entered judgment for defendant; with certificate in his favor for $149.45.

*Error assigned* was in entering judgment for defendants.

*Louis M. Childs, Montgomery Evans* with him, for appellant.— Thomas had a right to expect that his request to the arbitrators to produce Heger was to be granted until a refusal was met with, because he had a right to have the request complied with, and he was not to presume that the arbitrators would act unlawfully.

He did not object in the sense of filing a formal objection, but in the sense of persistently demanding Heger's production he did object: Hagner v. Musgrove, 1 Dallas, 83; Large v. Passmore, 5 S. & R. 51, are to the contrary.

*N. H. Larzelere, J. B. Larzelere, Jr.*, with him, for appellee.— Where a man has been silent, when in conscience he ought to have spoken, he shall be debarred from speaking when conscience requires him to be silent: Hall v. Fisher, 9 Barb. 17; Herman on Estoppel, 172; Andrews v. Lee, 3 P. & W. 101; Buckwalter v. Russell, 119 Pa. 502; Rogers v. Playford, 2 Jones, 181; McGheehen v. Duffield, 5 Pa. 500; McKenna v. Lyle, 155 Pa. 599; Com. v. Westinghouse Mfg. Co., 151 Pa. 274; Herman on Estoppel, 173.

PER CURIAM, March 16, 1896:

As a bar to this action, the award of arbitrators, under the common law submission, was interposed by the defendant. Trial by jury having been waived and the case submitted, it was subsequently agreed that the court should first determine whether the award was binding and conclusive, and if they found it was not, then the accounts of the parties, together with the evidence relating thereto, should be submitted. The court found that the arbitrators made their award October 20, 1893, finding balance in favor of the defendant, and that no attempt was made by the plaintiff to set aside the award or revoke the submission, under which it was made, until the 24th of October, four days after the award was made. In view of this finding, it was rightly held that plaintiff could not thus take his chances of a favorable result, and then, after ascertaining that the award was against him, attempt to avoid its effect. By his silence and acquiescence in the mode of proceeding until the award was made, he was estopped from questioning its validity. There is nothing in the record that requires further notice.

Judgment affirmed