**Project Builders, Inc. v. Zeiders**

*Francis B. Haas, Jr.,* of *McNees, Wallace & Nurick,* for plaintiff.

*John J. Krafsig, Jr.,* for defendants.

SHELLEY, J., March 17, 1969.—This matter is before us on (1) defendants' rule to show cause why an award entered by an arbitrator should not be va-

cated and the matter remanded for trial in the common pleas court of this county, and (2) plaintiff's motion to modify the award, confirm the same and direct judgment to be entered for plaintiff and against defendants.

Plaintiff filed an answer to defendants' rule, which answer averred in new matter that this court has no jurisdiction to review the award of the arbitrator. Defendants replied to the new matter.

Defendants filed an answer to plaintiff's motion to modify the award and enter judgment for plaintiff.

A history of the dispute between the parties is necessary in order to place the matter in proper focus. On or about May 15, 1965, the parties entered into a written agreement which provided that plaintiff would make certain alterations and additions to defendants' residence. A dispute arose between the parties and an action in assumpsit was brought by plaintiff to recover money which plaintiff claimed was due from defendants.[1] Defendants filed preliminary objections in the nature of a demurrer averring that the contract between the parties provided that any disagreement arising from the contract should be submitted to arbitration.[2] In an opinion of this court under date of May 1, 1967, the demurrer was sustained.[3]

[1] This action was entered in the Court of Common Pleas of Dauphin County to no. 2616 September term, 1965.

[2] Paragraph 19 of the contract provides:
"ARBITRATION
"Any disagreement arising out of this contract or from the breach thereof shall be submitted to arbitration, and judgment upon the award rendered may be entered in the court of the forum, state or federal, having jurisdiction . It is mutually agreed that the decision of the arbitrators shall be a condition precedent to any right of legal action that either party may have against the other. The arbitration shall be held under the Standard Form of Arbitration Procedure of The American Institute of Architects or under the Rules of the American Arbitration Association."

[3] The opinion is reported in 87 Dauph. 344 (1967).

Plaintiff thereafter made a demand upon defendants for arbitration as provided in the contract claiming the sum of $2,841.25 and interest. This amount was made up as follows:

first count[4] ................... $1,700[5]
second count[4] ................... 1,141[6]

In considering plaintiff's claim under the first count of the complaint the arbitrator, in making his award, allowed plaintiff the sum of $5,500 without giving defendants credit for the sum of $3,800, which sum plaintiff acknowledged had been paid to it prior to the making of the demand for arbitration. As to the claim based on the second count in the complaint the arbitrator allowed the sum of $892.40. The gross claim allowed by the arbitrator was $6,392.40. The arbitrator, however, allowed an offset in favor of defendants in the amount of $465.56, which resulted in an award to plaintiff of $5,926.84, with interest from November 2, 1965. Taking into consideration the credit of $3,800 referred to above, there would in fact be due the plaintiff a total amount of $2,126.84, with legal interest from November 2, 1965.

In order to determine whether an arbitration is one at common law or under the Arbitration Act of April 25, 1927, P. L. 381, 5 PS §161, et seq., we are required to examine the language in the contract and the procedure followed during arbitration: Wingate Construction Company v. Schweizer Dipple, Inc., 419 Pa. 74, 77 (1965).

---

[4] These counts refer to the counts in the assumpsit action referred to in footnote 1.

[5] Plaintiff claimed $5,500 in the first count of the assumpsit action referred to in footnote 1. In the demand for arbitration plaintiff averred a credit due defendants in the amount of $3,800, leaving a balance due of $1,700.

[6] This is the amount of the claim referred to in the second count of the assumpsit action referred to in footnote 1.

Neither the arbitration clause of the building contract (referred to in footnote 2, supra) nor the demand for arbitration makes any reference that would indicate that the arbitration proceedings in the instant matter were instituted under the Arbitration Act of April 25, 1927, supra.

Where parties do not follow in any particular the procedure outlined in the Arbitration Act of 1927, supra, and there is no evidence to the contrary, it is manifest that the award of the arbitrators was a common law award: Harwitz v. Selas Corporation of America, 406 Pa. 539, 542 (1962). Consequently we determine that the arbitration proceeding was under the common law.

Defendants ask us to vacate the award of the arbitrator. This we cannot do. The award of the arbitrator was made on March 20, 1968. On petition of defendants a rule was granted upon plaintiff on April 18, 1968, to show cause why the award of the arbitrator should not be vacated. The rule must be discharged. It was held in William H. Thomas v. Thomas A. Heger, 174 Pa. 345 (1896), that where parties agree to submit a dispute to arbitrators the losing party cannot void the award after it has been made by the arbitrator. The court said a party could not take his chances of a favorable result and then, after ascertaining that the award was against him, attempt to avoid its effect.

We now come to the question raised by plaintiff in its motion to modify the award and to confirm the award as modified and enter judgment thereon.

There is no doubt that the arbitrator made a manifest and self-evident error in not allowing a credit of $3,800 which plaintiff in its demand for arbitration definitely and explicitly stated was due defendants.

An effort was made to have the arbitration reinstated. Under the rules of the American Arbitra-

tion Association, to which the arbitration had been referred under article 19 of the contract (referred to in footnote 2), both parties must jointly in writing reinstate the authority of the arbitration.[7] The letter referred to in footnote 7 was written pursuant to a letter from defendants' counsel to the American Arbitration Association refusing the request to reinstate the arbitration.[8]

---

[7] The following letter was sent to counsel for the parties:

"April 19, 1968

RE: Case No. 14 1C 0054 67
Project Builders, Inc.
-and-
Harry V. Zeiders & Elva W. Zeiders

Francis B. Haas, Jr., Esq.
100 Pine Street
P. O. Box 432
Harrisburg, Pennsylvania 17108

John J. Krafsig, Jr., Esq.
1719 North Front Street
Harrisburg, Pennsylvania

Dear Sirs:

This will acknowledge receipt of letters dated March 28, and April 2, 1968 from Francis B. Haas, Jr., Esq., copies of which we note have been sent to Mr. Krafsig, wherein he requested that the Arbitrator Clarify his Award.

This will also acknowledge receipt of a letter dated March 29, 1968 from Mr. Krafsig, a copy of which we note has been sent to Mr. Haas.

Under the Law, an Arbitrator may not add to subtract from or in any way explain his Award unless both parties jointly in writing reinstate his authority.

Inasmuch as Mr. Krafsig will not join in the request to reinstate the authority of the Arbitrator for the purpose of Clarifying his Award, the Association must consider the matter closed.

Very truly yours,

/s/ W. R. Ross

W. Raymond Ross
AMERICAN ARBITRATION ASSOCIATION"

Plaintiff is asking us to correct the error of the arbitrator in calculating the amount due plaintiff. This raises the question as to the power of this court to correct an obvious error of calculation made by the arbitrator.

There is no doubt that the rule in Pennsylvania is that the arbitrator becomes the final judge of both law and fact and an award will not be reviewed or set aside for mistake in either: Harwitz v. Selas Corporation of America, supra, 542; Owens v. Concord Mutual Insurance Company, 210 Pa. Superior Ct. 235, 239 (1967). The award of a common law arbitrator may be reviewed only if a hearing was denied or for fraud, misconduct, corruption or other such irregularity which caused the arbitrator to render an unjust, inequitable and unconscionable award: Keller

---

"March 29, 1968
In Re: Project Builders, Inc.
vs.
Harry V. Zeiders &
Elva W. Zeiders

W. Raymond Ross, Esquire
American Arbitration Association
520 Witherspoon Building
Walnut & Juniper Streets
Philadelphia, Pennsylvania 19107

Dear Mr. Ross:

Please be advised that by reason of the fact that I will appeal the decision of Mr. Clouser in all of its aspects, that it will serve no purpose to re-open the proceeding and that I am requesting that the matter remain in its present status.

Very truly yours,
John J. Krafsig, Jr.

JJK/sls
cc: Francis B. Haas, Jr., Esquire"

v. Local 249 of International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, 423 Pa. 353, 355 (1966); Owens v. Concord Mutual Insurance Company, supra, 239.

In the instant case the question is not a mistake of law or fact, or any misconduct, etc. referred to above. It is a miscalculation in computing plaintiff's claim based on the facts found by the arbitrator.

An exhaustive research of the law in this respect fails to disclose any precedent in the courts of Pennsylvania. The question raised is one of first impression. The Court of Appeals of the State of Maryland had a very similar situation before it in Continental Milling & Feed Co. v. Doughnut Corporation of America, 186 Md. 669, 48 A. 2d 447 (1946), which was a proceeding in equity. In that case it was held that where arbitrators correctly determined market prices for mill byproducts as well as the tonnage sold during entire period of seven years and seven months and consequent underpayments by buyer, but erroneously made an award for only two years and eight months, the award could be corrected without annulling the entire award and compelling the parties to resubmit the controversy to arbitrators or the court.

The rule of law enunciated by the appellate court of Maryland is persuasive and leads us to the conclusion that this court under its inherent equitable powers can correct the obvious error of the arbitrator and thus give effect to the obvious intention of the arbitrator in making his award.

Accordingly, the rule to show cause why the award of the arbitrator should not be vacated must be dismissed and the motion of plaintiff to correct the award, confirm the same and direct judgment to be entered for the plaintiff and against the defendants is allowed, and we make the following:

## ORDER

And now, March 17, 1969, the rule of defendants to show cause why the award of the arbitrator should not be vacated is dismissed and the award of the arbitrator is corrected as follows:

### Count I

Gross Claim . . . . . . . . . . . . . . . . . . . . . . . . $5,500.00
Admitted credit due defendants . . . . . . . 3,800.00
Net amount due plaintiff . . . . . . . . . . . $1,700.00

### Count II

Amount due plaintiff . . . . . . . . . . . . . . . . . 892.40
Gross amount found to be due
    plaintiff . . . . . . . . . . . . . . . . . . . . . . . . . 2,592.40

### Offset

Amount due defendants as
    counterclaim . . . . . . . . . . . . . . . . . . . . . . . 465.56
        Net amount due plaintiff . . . . . $2,126.84
together with legal interest from November 2, 1965, for which said sum judgment is entered in favor of plaintiff and against defendants.